# The Youghiogheny Shaft Company *et al. versus* Evans *et al.*

1. Plaintiff declared against a corporation and its president and secretary jointly, there was no evidence of a joint contract by the defendants, nor of any joint relation, except as a corporation and its officers acting on its behalf. *Held*, that the action could not be maintained.

2. The claim was for work for the corporation, the president told plaintiff that he would see it paid for; this did not create a joint liability, but was a several assumption as surety and not as principal.

3. The defendants having been declared against in general assumpsit, their individual liability as stockholders could not be enforced in that form; it must be enforced as provided in the statutes.

4. Brinham *v.* Wellersburg Coal Co., 11 Wright 43; Hoard *v.* Wilcox, Id. 51, adopted.

November 11th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county :* No. 22, to October and November Term 1872.

Evan E. Evans and others, trading as Evans & Co., brought an action of assumpsit against The Youghiogheny Shaft Company, James Trunick and W. W. Fullerton. The writ was issued February 4th 1871.

The plaintiffs declared against the above-named defendants jointly in the common counts.

The affidavit of claim was for work and materials done and furnished " for the said Shaft Company at the instance and request of the president and the agent thereof, at the coal-works of the said company, in Westmoreland county, from November 1868, to January 7th 1870," as set forth in the account annexed to plaintiffs' *præcipe*, affidavit of claim and *narr.*, as follows :—

THE YOUGHIOGHENY SHAFT COMPANY,

To EVAN E. EVANS, DR.

| | | |
|---|---|---:|
| November 1868, | To driving entries for the said company in their coal-lands in Westmoreland county, 350 yds. at $9.00 per yard   .   . | $3150.00 |
| to | To furnishing one pump and fixtures   .     .   . | 2009.00 |
| January 7th 1870. | To expense in putting in the pump and freight, &c., thereon | 600.00 |
| | To making two dams in the entries | 150.00 |
| | | $5909.00 |

Trunick was the president and Fullerton the secretary of the Shaft Company.

[Youghiogeny Shaft Co. *v.* Evans.]

The case was tried December 6th 1871, before Kirkpatrick, J.

The plaintiff gave in evidence an agreement dated January 1st 1868, between the Shaft Company and Henry Bailey, by which the company leased to Bailey for two years, their coal-works, &c., with 400 acres of coal-land, shaft, buildings, &c., Bailey to pay one half-cent per bushel on the terms mentioned; the lease to be continued for three years more at the option of Bailey; "any permanent improvements that may be necessary during the term shall be made with the advice and consent of the president of the Shaft Company," at the cost of the company.

The agreement was executed as follows:—

"In witness whereof, the said Henry Bailey has hereunto set his hand and seal, and James Trunick, president of the said Youghiogeny Shaft Company, has signed his name and caused the official seal of the said company to be hereunto attached, and also to be countersigned by the secretary of said company.

JAMES TRUNICK, [SEAL.]
President.
HENRY BAILEY, [SEAL.]
W. W. FULLERTON,
Secretary.

Sealed and delivered in the presence of }
    JOHN FULLERTON.

{ Seal of the Youghio- }
{ gheny Shaft Company. }

"The within agreement is fully ratified and approved by us.

JAMES TRUNICK, }
JAMES A. HUNTER, } Committee."
J. G. McQUAIDE, }

The plaintiffs gave in evidence an agreement between Henry Bailey and Evan E. Evans, dated January 1st 1869, by which Bailey leased to Evans the same premises, &c., mentioned in the foregoing agreement, Evans to pay to Bailey one half-cent for every bushel of coal mined; and by which it was agreed "that the expense of mining and entry under the bed of the Youghiogheny river that may exceed the worth of the coal mined, shall be deducted from the rents of the mines and the proper cost of the same, said entry to be put through as fast as possible."

Evans, the plaintiff, testified that Trunick, the president of the Shaft Company, directed how the entries for the coal should be driven, and urged witness to have them driven on "and get the thing into a good shape so that he could sell the property, and he would see I should be paid for it." The entries were made under the direction of Trunick, he furnished the cement; they would have to go through one Smith's land and could not get his consent, Trunick directed witness to ascertain from Smith what he

would take for his land, Trunick on being informed of Smith's proposition said he could do nothing for witness. Evans's interest in the lease was sold by the sheriff under an execution issued by Trunick on a judgment against him which Trunick had bought; Fullerton, the secretary of the company, bought Evans's interest. Trunick said he would see that Evans would be paid for the pump: nothing was done without the advice of Trunick. The pump with its connections cost $2009.16, for which a judgment-note was given, under which Evans's interest was sold by the sheriff.

There was other evidence that Trunick was present frequently whilst the work at driving the entries was progressing, and gave directions concerning it.

All the foregoing evidence was given under objection and exception by the defendants.

The foregoing is a synopsis of the evidence as bearing on the liability of Trunick and Fullerton.

Amongst others, the following are points of the defendants and their answers :—

5. There is a misjoinder of the corporation with James Trunick and W. W. Fullerton, the other defendants, and therefore plaintiffs cannot recover.

Answer : " This point is refused."

6. There is no evidence in the cause tending to prove a joint undertaking or a joint liability of the defendants to the plaintiffs, and therefore plaintiffs cannot recover.

Answer : " This point is refused. As detailed and for the reasons given and subject to the instructions as to the burden of proof given by us in answer to the fourth point of defendants, we leave the question to the jury to be determined by them from all the evidence in the cause."

7. There is no evidence in the cause tending to show any legal liability of W. W. Fullerton, one of the defendants, to the plaintiffs, and therefore plaintiffs cannot recover.

Answer : " Refused. We leave this to the jury, under instructions as already given."

11. Even if the jury believe that James Trunick did say to E. E. Evans, " to push those entries on, and he would see that I (Evans) would be paid for them," or words to that effect, the plaintiffs cannot recover upon such promise or undertaking against the defendants in this action.

Answer : " This point is refused. We leave it to the jury to say what Trunick intended, and how far, if at all, he intended to be bound by the language used in the point."

The verdict was for the plaintiffs for $1923.20.

The defendants removed the record to the Supreme Court, and there, amongst other specifications, assigned the answers to the foregoing points for error.

[Youghiogeny Shaft Co. *v.* Evans.]

*A. M. Brown*, for plaintiffs in error.

*C. B. M. Smith*, for defendants in error.

The opinion of the court was delivered, November 18th 1872, by AGNEW, J.—There is a fundamental error running throughout this case, which must put an end to the action in this form. The plaintiff declared against the corporation and Trunick and Fullerton as joint debtors. There is no evidence of a joint contract by these defendants, or of such a joint relation between the corporation and the individual defendants, as will support an implied contract jointly, to pay for the work and labor declared upon. There is not the slightest testimony that Fullerton made any assumption personally, and the only evidence as to Trunick is that while acting as president of the company he told Evans he would see him paid. Such an agreement, even if intended as an individual assumption, would not be joint, but several—a promise of suretyship, and not that of a principal. Several of the points of the defendants presented this error of misjoinder, but were refused by the court. It is now argued that the purpose of the action was to enforce the liability of the individual defendants as stockholders of the corporation, under its charter, or laws relating thereto. But no such purpose appears in this record. The declaration is in general assumpsit against all the defendants jointly. Neither the charter of the company nor the law under which it was organized was given in evidence. The evidence as to the individual defendants is that one was president and the other secretary of the corporation. No point was made upon their liability as stockholders. From the whole case we derive no intent to charge them as stockholders. The liability of stockholders is secondary, and the proceeding to enforce it statutory, not at common law. It was, therefore, held in several decisions that, in such case, the proceeding is wholly governed by the statute, and the rights and liabilities of the parties must be ascertained by it: Brinham *v.* Wellersburg Coal Co., 11 Wright 43; Hoard *v.* Wilcox, Id. 51. A reference to these cases will show that the form of this action is wholly misconceived, if it were intended to enforce a statutory liability of the stockholders in this way.

Judgment reversed.

The court afterwards granted a *venire facias de novo.*