MATHUSHEK PIANO MANUFACTURING COMPANY, Respondent, *v.*
JAMES PEARCE, Appellant.

*Receiver — refusal to deliver property to him — order for examination concerning
the property — it is not an examination of an adverse party to be used as
evidence.*

A receiver was appointed in an action of all the pianos received by the defend-
ant and in his custody, and of all contracts for the sale of pianos made on install-
ments, and of all leases, and of all amounts uncollected thereon; and the
defendant was ordered to deliver to the receiver all contracts and leases and all
books, papers and accounts relating thereto.

*Held,* that on the failure of the defendant to deliver any such books of account it
was proper to direct him by an order of the court to appear for examination
concerning the disposition of the pianos and the amounts due from any parties
thereon ;

That such examination was not that of a party to an action at the instance of his
adversary to be used as evidence, and it was not necessary to set forth in the
moving affidavits the statements required by the Code of Civil Procedure in
proceedings to obtain such an examination.

APPEAL by the defendant, James Pearce, from an order of the
Supreme Court, made at the Westchester Special Term and entered
in the office of the clerk of the county of Westchester on the 29th day
of March, 1894, directing that the defendant, James Pearce, appear
before a referee therein appointed for the purpose of examination.

The affidavit upon which the order of examination was granted
was as follows:

" CITY AND COUNTY OF NEW YORK, *ss. :*
   " James H. Moran, being duly sworn, says :
   " I. That by an order made in this cause, dated on the 21st day
of October, 1893, which order was resettled November 18th, 1893,
deponent was duly appointed receiver of all the pianos mentioned
in the amended complaint in the possession of the defendant,
James Pearce, and of all contracts for the sale of any of said
pianos by installments or conditionally, and of all leases of any of
said pianos, and of all amounts collected by the defendant on such
conditioned sales mentioned in the complaint, and leases, since the
commencement of this action, and of all amounts uncollected on
such sales or leases.   And in and by said order it was further

ordered that on demand the defendant deliver to the receiver all books, papers and accounts kept or caused to be kept by him since the commencement of this action showing what disposition he has made of said pianos, and also deliver all of said contracts or leases made by him of said pianos; and that he pay over to the receiver on demand all of said amounts so received by him on account of sales or rentals of said pianos.

"II. That thereupon this deponent duly qualified as such receiver, as required by said order.

"III. That on the 11th day of November, 1893, deponent, in company with Mr. William A. Abbott, counsel for the plaintiff, called on the defendant at the latter's place of business in the city of Yonkers and served the defendant with a certified copy of said order of October 21, 1893, and demanded of him the delivery of any pianos in his possession that were mentioned in or covered by said order, as well as of all contracts and leases referred to in said order, and also demanded payment of all amounts collected by the defendant on conditional sales of pianos since the commencement of this action. Deponent also, at said time and place, demanded of the defendant all books, papers and accounts kept or caused to be kept by him since the commencement of this action, showing what disposition he has made of said pianos, which, by said original order and as resettled, the defendant was required to deliver to deponent on demand. That, in response to the aforesaid demand by deponent on defendant, the defendant told deponent that his, the defendant's, business would suffer injury if he should deliver his books of account called for by said order, as they contained entries of other transactions, and promised deponent that he would draw off from said books a copy of all entries relating to the pianos in question in this action and send said copy to deponent, and that deponent could have access to the books and compare said copy with the books' entries. Deponent says that no such promised copy was ever received by him, and is informed that by advice of counsel the defendant refuses to furnish such copy.

"That on or about November 13th, 1893, deponent received from defendant a check for $36.00 only 'for money received since August 4th,' as stated in a letter of November 13, 1893, purporting to come from deponent, and defendant has failed to further comply

with the demand made pursuant to said order to pay to deponent the moneys received by him since the commencement of said action on account of said pianos, and has failed to deliver to deponent the leases and contracts required by said order.

"IV. That deponent, as such receiver, is desirous of collecting the money due upon the contracts for the sale of said pianos by installments or conditionally and upon leases of any of said pianos, as well as of all amounts collected by the defendant on such conditional sales and leases since the commencement of this action, but is unable to do so without having in his possession the books, papers and accounts kept or caused to be kept by the defendant since the commencement of this action, showing what disposition he had made of said pianos, and showing what has been paid and what remains due on such of said pianos as have been leased or conditionally sold.

"V. That it is necessary, in order to ascertain the names of the persons or parties to whom said pianos have been leased or conditionally sold by the defendant, and also to ascertain the amounts due from them therefor, and to ascertain the amounts collected by the defendant, to examine the defendant and his books of account and any contracts for the sale of said pianos in his possession. And deponent desires an order requiring the defendant to appear and be examined for said purpose, and to produce on such examination his books of account and all contracts, writings and memoranda of every description relating to said pianos and said business.

"Sworn to before me this 9th⎱      JAMES H. MORAN.
    day of March, 1894. ⎰

        "ARTHUR M. SILBER,
           "*Notary Public,*
             "City and Co. of N. Y."


*J. H. Whitelegge,* for the appellant.

*William A. Abbott,* for the respondent.

CULLEN, J.:

In this action a receiver was appointed of all the pianos received by the defendant and in his custody, and of all contracts for the sale of pianos made on installments, and of all leases, and of all amounts

uncollected thereon; and the defendant was ordered to deliver to the receiver all contracts and leases, and all books, papers and accounts relating thereto. The defendant failing to deliver any books of account, he was ordered to appear for examination concerning the disposition of the pianos and the amounts due from any parties thereon. From that order this appeal was taken.

We think that the order was properly made. The examination of the defendant was not that of a party to the action at the instance of his adversary to be used as evidence. Hence, it was not necessary to set forth in the moving affidavits the statements required by the Code of Procedure to obtain such examinations. This examination was in aid of the receivership. It was necessary for the receiver, in order to properly perform his duties, to know where the pianos were, who had them, and under what terms; what amounts were still owing on them; and the court had the inherent power to direct the examination to give the receiver such information.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.