# Frank P. Miller Paper Company, Appellant, *v.* York Coated Paper Company.

*Corporations—Manufacturing corporations—Directors—Debts in excess of paid-up capital—Remedy—Acts of April 29, 1874, sec. 39, cl. 6, P. L. 73, and July 18, 1863, secs. 41 and 42, P. L. (1864) 1102, and April 4, 1865, P. L. 60.*

The provision of the general corporation Act of April 29, 1874, sec. 39, cl. 6, P. L. 73, making directors liable for corporate debts in excess of the capital stock actually paid in, is enforceable only in the manner provided by secs. 41 and 42 of the Act of July 18, 1863, P. L. (1864) 1102, which requires a creditor before proceeding against the directors to first obtain a judgment against the corporation and issue execution thereon. These sections of the act of July 18, 1863, are not supplied by anything contained in the act of April 29, 1874, and are not repealed by that act. The fact that a corporation has been adjudicated a bankrupt does not dispense with the necessity of the preliminary proceeding against it, as provided by the act of 1863.

Argued March 13, 1907.    Appeal, No. 16, March T., 1907, by plaintiff, from decree of C. P. York Co., Aug. T., 1906, No. 3, dismissing bill in equity in case of Frank P. Miller

Paper Company v. the York Coated Paper Company et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity to enforce liability of directors for corporate debts in excess of capital of a corporation actually paid in.

WANNER, P. J., filed the following opinion:

Plaintiff's bill seeks to hold the directors of the York Coated Paper Company individually liable, under the provisions of the Act of April 29, 1874, P. L. 73, in the sum of $1,587, for an excess of corporate indebtedness created by them, over and above the amount of the paid-in capital stock of the said company. It alleges the incorporation of the company, the election of the directors named as defendants in the bill, and an increase of the corporate indebtedness by them, to the amount above named, in excess of the capital stock of said company then actually paid in. But it gives no details as to the specific character of the indebtedness created, or as to the manner in which it was done by said defendant directors.

The defendants demur to the insufficiency of the bill as filed, and contend that since the passage of the Act of February 9, 1901, P. L. 3, no personal liability attaches to directors of a corporation for increasing its indebtedness beyond the amount of its paid-up capital stock, provided that it is done in the manner authorized by said act.

Section first thereof provides that the capital stock or indebtedness, or both, of any corporation " may with the consent of the persons or bodies corporate holding the larger amount in value of its stock be increased to such amount in the aggregate of each, as it shall deem necessary to accomplish and carry on, and enlarge the business and purposes of the corporation." It further provides that such increase may be made at once, or from time to time as the stockholders of the company may determine.

Sections second and third of the act provide for the submission of the question of such increase by the directors to the stockholders, and how it shall be acted upon by the latter, etc.

Section fourth provides that " nothing in this act contained shall be construed as compelling resort to the process herein

provided, in the case of indebtedness contracted in the usual course of corporation business. All acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

It was contended by plaintiff's counsel that this act only refers to an increase of the capital stock or of the bonded indebtedness of a corporation. But both the general language of section one, and the specific terms of section four of the act, clearly show that such was not the intent of the lawmakers. The former sections provided a specific method of procedure for authorizing an increase of capital stock, or of the bonded or other forms of general indebtedness of the corporation, while section four expressly provides that for such increased indebtedness contracted in the usual course of corporate business, no resort to such process is necessary. The act of 1901, therefore, operates as a repeal of the general language of the act of 1874, forbidding any kind of an increase of the indebtedness of a corporation beyond the amount of its paid-in capital stock.

It was held in Commonwealth v. Buffalo & Susquehanna Railroad Company, 10 Pa. Dist. Rep. 363, that the act of February 9, 1901, extinguishes the proportion which the authorized issue of indebtedness must bear to the amount of paid-up capital stock, and restricts an increase of the stock or bonds, or both, of a corporation, by two things only, the consent of the stockholders of the larger amount in value, and the business necessities of the company, to be determined by the body having authority to issue stock or create corporate indebtedness.

It is, therefore, apparent that in any attempt to hold the directors of a corporation individually liable for an increase of the corporate indebtedness, since the passage of the act of 1901, it is necessary that the bill should contain sufficiently specific allegations, as to the nature and extent of the indebtedness, and the manner of its creation, to clearly indicate that the proceedings were not authorized by the act of 1901, and fell within the penal provisions of the act of 1874, for a violation of the law. An inspection of plaintiff's bill filed in this case discloses only such a general allegation of increase of corporate indebtedness, since the passage of the act of 1901, as may have been made in entire accordance with the requirements of the said act on that subject. From a reading of the

318 MILLER PAPER CO., Appellant, *v.* YORK PAPER CO.

Opinion of Court below—Opinion of the Court. [34 Pa. Superior Ct.

entire bill it cannot be concluded that the law as it now exists on the subject has been violated by the defendant directors of the York Coated Paper Company.

It is also contended on the part of the defendants that the plaintiff, under the provisions of the Act of July 18, 1863, P. L. (1864) 1102, secs. 41 and 42, should have first proceeded to judgment and execution against the corporation itself with a return of the latter unsatisfied, before it had a right to file its bill in equity to hold the directors responsible for the alleged increase of corporate indebtedness.

An inspection of the act shows that to be the method prescribed therein, and as the provisions of said act are extended to York county by the Act of April 4, 1865, P. L. 60, a noncompliance with its provisions in that regard makes the plaintiff's bill demurrable: Green v. Whitehead, 5 Pa. Dist. Rep. 612; Wagner v. Corcoran, 2 Pa. Dist. Rep. 440.

In the last cited case it was held that the act of April 29, 1874, did not either expressly or by implication repeal secs. 41 and 42 of the act of July 18, 1863, with reference to the method of procedure which must be followed to hold the directors of a corporation liable individually for creating an excess of indebtedness over the amount of capital stock paid into the company.

For the reasons above stated the plaintiff's bill seems to be clearly deficient in form and substance, and so lacking in the material allegations of fact necessary to fix upon the directors of this company any individual liability, as to require no answer from the defendants.

The demurrer is therefore sustained and the bill is dismissed at the cost of the plaintiff.

*Error assigned* was decree dismissing the bill.

*Henry C. Niles*, with him *George E. Neff*, for appellant.

*Allen C. Wiest*, with him *Ross & Brenneman*, *F. M. Bortner* and *J. R. Strawbridge*, for appellees.

OPINION BY HEAD, J., October 7, 1907:

The plaintiff brings this bill against a manufacturing corporation, created under the act of 1874, and a number of individuals, its directors, to compel the payment, by the latter,

of certain debts contracted by the corporation for which, it is alleged, the directors have become personally liable under the provisions of clause 6 of sec. 39 of said act.

To the whole of this bill the defendants demurred assigning as causes of demurrer a number of alleged defects, both of form and substance in the bill, and, the demurrer having been sustained, the plaintiff took this appeal. The defendants contend, among other things, that even conceding their liability, such liability can be enforced only by pursuing the remedy provided by secs. 41 and 42 of the act of July 18, 1863. The plaintiff, not denying that such remedy was exclusive as long as said sections were in force, answers that these sections have been repealed by the act of 1874. As it must be conceded that if the legislature has provided a statutory remedy to enforce a special statutory liability, such remedy must be pursued, it is manifest the bill must fall unless the plaintiff can successfully defend the attack thus made on its line of procedure.

The clause and section of the act of 1874 referred to provide : " The whole amount of the debts which any such company at any time owes, shall not exceed the amount of its capital stock actually paid in, unless such debt be for unpaid purchase money for lands bought, which debt shall only be a lien upon and collectible from said land ; and in case of any excess the directors, under whose administration it occurs, shall be jointly and severally liable, to the extent of such excess, for all the debts of the company then existing, and for all that are contracted, so long as they respectively continue in office," etc. Whilst the language of the act creating the liability is thus clear and unequivocal, there is no word in it prescribing any procedure at law or in equity to enforce that liability. We must turn to some other act, therefore, or to the general body of the law to discover the appropriate remedy.

By the Act of July 18, 1863, P. L. (1864) 1,102, the legislature provided a general plan for the incorporation and regulation of corporations for manufacturing purposes. By its terms, however, it was not to be effective throughout the state, a number of counties, including the county of York, being excluded from its operations. But by the subsequent Act of April 4, 1865, P. L. 60, its provisions were extended to the county of York.

That act of 1863, in a number of sections, commanded the performance of certain duties or enjoined the commission of specified acts by the officers and directors of such corporations, and provided that such directors should be personally liable for debts of the corporation contracted in violation of the commands or prohibitions of the act.

In sec. 26 the act declared " that the whole amount of the debts which any such company, at any time, owes, shall not exceed the amount of its capital stock actually paid in," and made personally liable for any such excess the directors " under whose administration it occurs." In secs. 41 and 42 it carefully prescribed the remedy by which such liability was to be enforced, requiring the creditor to first obtain a judgment against the corporation and issue execution thereon. If the corporation made default for a period of thirty days in the payment of the debt and costs, and failed, within the same time, to exhibit property sufficient to satisfy the same, then the writ was to be returned. Thereupon the judgment or other creditor was authorized to file a bill in equity in behalf of himself and all other creditors of the corporation against it, and against all the officers liable for its debts and contracts, " by reason of any act or omission on its part or that of its officers, as stated in the preceding sections of this act, setting forth the judgment and proceedings thereon, and the grounds upon which it is expected to charge the officers personally." Unquestionably this act remained in force, the liability therein created continued, the remedy therein provided to enforce that liability was the only one that could be successfully invoked down to the passage of the act of April 29, 1874.

Were secs. 41 and 42 of the act of 1863 repealed by the latter act? That the later act did not contemplate a complete and total repeal of the earlier one is, we think, manifest. In declaring and classifying the various purposes for which corporations could be lawfully created the act of 1874 adopts, without attempting to enumerate them, " all the purposes covered by the provisions " of the act of 1863 and its supplements, thus expressly retaining and keeping alive at least so much of said act as recited the purposes for which companies could be incorporated under its provisions. Again, the act of 1874 concludes with an express repealing clause, the careful and unusual

limitation of which leaves but little room for doubt as to the legislative intent.   We therefore quote it: " That from and after the passage of this act, the acts of the general assembly entitled . . . . An act relating to corporations . . . . approved July 18, 1863, . . . . and the several supplements to each of said acts, be and the same are hereby repealed, so far as they provide for the creation of corporations for any of the purposes provided for by this act, or are inconsistent with this act." Had the legislature intended to repeal the entire act of 1863 the repealing clause quoted would have ended without the limitation with which it concludes.   In construing the act of 1874 we are bound to give due effect to that limitation as we would to any other clause or provision in the act.   To do this we are obliged to hold that the allegation that any particular section of the act of 1863 has been repealed by the act of 1874, can be supported only by showing that such section provides for the creation of a corporation for some of the purposes enumerated in the later act, or contains provisions inconsistent with it.   Sec. 26 of the act of 1863, making directors liable for corporate debts in excess of the paid-up capital, has been re-enacted in the same language in clause 6 of sec. 39 of the act of 1874, the later provision differing from the earlier only in the exception made in relation to the " unpaid purchase money for lands bought."   The earlier section, therefore, disappears because it has been expressly supplied by the later one, which is different in one particular.   But secs. 41 and 42 of the earlier act, which provide a distinct, carefully detailed and adequate remedy for the mischief which both acts intended to prevent or to cure, have not been in terms re-enacted nor supplied by any other provisions on the subject in the later act. On this important subject the latter is wholly and significantly silent.   These sections are not, therefore, they cannot be, inconsistent with anything in the act of 1874.   On the contrary, if we regard them as unimpaired by that act, we give to it a symmetry and completeness that would be wanting had it created a new and special liability and then left a suitor, seeking to enforce it, to grope amid the mazes of the whole body of general law and precedents, to find, at his peril, the proper remedy.

Although the diligence of the learned counsel on both sides

of this case has not resulted in the discovery of any case in which the exact question now before us has been ruled by our Supreme Court or this court, we have been referred to two cases in which able common pleas judges have reached the same conclusion herein adopted: Wagner v. Corcoran, 2 Pa. Dist. Rep. 440; Green v. Whitehead, 5 Pa. Dist. Rep. 612.

That no appeal was taken in either of those cases although distinguished counsel were concerned, and, in one of them at least, a very large sum of money was involved, may be fairly regarded as evidence that the doctrine announced in them must have struck the professional mind as neither startling nor unsound. In Margarge & Green Co. v. Ziegler, 9 Pa. Superior Ct. 438, it was held that section 34 of the act of 1863 was reenacted in clauses 8 and 9 of section 39 of the act of 1874, without the imposition of the penalty contained in the earlier act, and in that respect, therefore, the two acts were inconsistent. It was further held that where the forbidden excess of debts had been created, the personal liability of the directors followed and from that liability they could not be relieved, by applying to such excess, which they were bound to pay themselves, the corporate assets and thus reducing the debts until they no longer exceeded the capital paid in. It is true that the court also, in that case, upheld the jurisdiction of a court of equity as against a general objection that the remedy of the plaintiff creditor was at law. But the report of the case shows nothing to indicate that the question now before us was raised by the record, argued or considered. It is certain there was no demurrer or plea raising it, but there was an answer on the merits. On this ground chiefly if not entirely the objection was overruled. And it was rightfully overruled because the remedy, if any exist, is in equity. The sections of the act of 1863, referred to, so declare. But they also require the creditor, as a condition precedent to his right to invoke that remedy against the directors, to take certain proceedings against the corporation itself, and until he does so, his bill against the directors is premature.

But the appellant argues that the averment in the bill that the corporation had been adjudicated a bankrupt dispensed with the necessity of any preliminary proceeding against it, even conceding that the act of 1863, as to the remedy, re-

mained unrepealed.  To this it is sufficient to answer that the legislature has not seen fit to make any such exception to the rule of procedure it has laid down to be followed in every case. Besides, the adjudication in bankruptcy in 1904 did not dissolve the corporation.  It continued to exist in the possession of all its original powers to again acquire property and do business, so that, under more favorable financial conditions or better management, it might again become solvent.

We are strongly urged also by the appellee to declare that, since the passage of the Act of February 9, 1901, P. L. 3, authorizing the increase of the capital stock or indebtedness of any corporation " to such an amount in the aggregate of each as it shall deem necessary . . . . with the consent of the persons, etc., holding the larger amount in value of its stock," there no longer exists any personal liability of directors for the acts complained of in the present bill.  Of course if this position be tenable the plaintiff has no right of action whatever against the defendants.  But we do not think it necessary to consider this question.  The plaintiff plants its cause squarely upon the proposition that the personal liability created by the act of 1874 still exists and can be enforced in the present proceeding because sections 41 and 42 of the act of 1863, prescribing a different line of procedure, have been repealed by the act of 1874.  Having failed to convince us that any such result was effected by the passage of that act, the case must fail for want of the only foundation on which it could rest, and the learned court below was right in so holding.

Decree affirmed and appeal dismissed at costs of appellant.