## Harrigan, Trustee, Appellant, v. Bergdoll.

*Corporations — Stock subscriptions — Statute of limitations — Debtors and creditors.*

1. The statute of limitations begins to run in favor of a stockholder of a corporation on an unpaid stock subscription from the time the corporation is found to be insolvent.

2. Where a corporation becomes insolvent, the contract between it and a subscriber to its stock is terminated, and his debt is only for such part of his subscription as is required to pay the corporate debts.  It is a debt not to the corporation in its own right, but in the right of its creditors.

3. If the creditors do not take action to assert their claims within the time limited by the statute, they will be barred.

Argued May 21, 1924.  Appeal, No. 18, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1921, No. 4989, for defendant n. o. v., in case of Frank A. Harrigan, trustee of the bankrupt estate of Louis J. Bergdoll Motor Co., v. Louis J. Bergdoll, now known as Louis J. Bergson.  Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Affirmed.

Assumpsit for unpaid stock subscription.  Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff.  Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment for defendant n. o. v., quoting record.

*Joseph W. Catharine,* for appellant.—The statute of limitations did not apply to this case until appellant, as trustee in bankruptcy, was vested by the U. S. District Court, as confirmed by the U. S. Circuit Court of Appeals, with authority to make demand on appellee: Kirschler v. Wainwright, 255 Pa. 525; Swearingen v. Dairy Co., 198 Pa. 68; Schofield v. Turner, 213 Pa. 548; Franklin Sav. Bank v. Bridges, 20 W. N. C. 43; Newton's Est., 46 Pa. Superior Ct. 40.

*Walter B. Gibbons,* with him *Harry C. Kohlhas, Jr.,* for appellee.—The cause of action, if any, accrued and the statute of limitations began to run when the Louis J. Bergdoll Motor Co. was judicially declared to be insolvent by the U. S. District Court on April 11, 1913, between which date and the institution of the present suit, eight years and three months intervened: Swearingen v. Dairy Co., 198 Pa. 68; Newton's Est., 46 Pa. Superior Ct. 40; Agnew Co.'s Receiver v. Gergard, 41 Pa. C. C. R. 173.

OPINION BY MR. JUSTICE FRAZER, July 8, 1924:

Plaintiff as trustee of the bankrupt estate of the Louis J. Bergdoll Motor Company sued to recover from defendant, who owned practically the entire capital stock of the bankrupt company, an assessment on stock not fully paid up, made by the referee in bankruptcy, to raise funds to liquidate the costs of proceedings and the balance due creditors of the company after the property of the bankrupt corporation had been exhausted. Several defenses were advanced at the trial, the only one, however, requiring consideration here is the one raising the applicability of the statute of limitations. The Bergdoll Motor Company was adjudicated a bankrupt on April 11, 1913. After the assets of the company were

converted into cash and distributed among creditors, there remained a deficit of approximately $184,000. This situation made it apparent to all interested not only that the company was insolvent, but that there existed a large shortage for which the stockholders would be liable to the extent of the unpaid balance due on the stock held by them respectively. No action was taken to fix this liability until October, 1917, more than four years following the insolvency, at which time the trustee through his petition to the United States District Court for the Eastern District of Pennsylvania asked that the stockholders be assessed in a sum sufficient to meet the deficit. The matter was submitted to a referee who, on February 14, 1918, ordered an assessment against stockholders of 51.85% of the par value of their shares, which sum did not exceed the amount remaining unpaid on stock held by defendant. An appeal was taken from this order to the United States District Court and subsequently to the United States Circuit Court of Appeals; both courts sustained the action of the referee to the extent he determined the necessity for an assessment against shareholders, but reversed so far as it assumed to determine defendant's personal liability. It was not until July 13, 1921, a period of more than eight years, from the date of the company's adjudication in bankruptcy and the time the amount of the deficit was known, that the present action was begun against Bergdoll. The trial resulted in a verdict for plaintiff; but the court later entered judgment for defendant non obstante veredicto, holding the action was barred by the statute of limitations.

The sole question for our determination is whether the statute began to run at the time the motor company was adjudicated a bankrupt and the estate found to be insolvent, viz, April 11, 1913, or whether it did not begin to run until the date of final judgment of the United States Circuit Court of Appeals on March 27, 1920, sustaining the referee's order for an assessment. This ques-

tion has been answered, in favor of the view adopted by the court below, in the case of Swearingen v. Dairy Co., 198 Pa. 68, where we held the status of the stockholder so far as his liability to creditors of the company is concerned, is fixed at the time it becomes known the company is insolvent and will be obliged to call unpaid stock subscriptions to take care of its obligations.   In that case we said (page 73), "So long as the corporation is solvent, the whole subscription is due in accordance with its terms and is payable when and as called for by the corporation.   But when the corporation becomes insolvent, the contract between it and the subscriber is terminated and his debt to it then is only for such part of his subscription as is required to pay the corporate debts.   It is a debt not to it in its own right but in the right of its creditors.   But it would seem that the status of the stockholder as holder of a fund liable at least contingently to the creditors, must be fixed at the time and by the fact of ascertainment of insolvency.   It is the general rule that insolvency fixes the relative rights of all parties concerned.   From that moment the unpaid subscriptions become part of the assets for payment of the creditors.   It is true they are special or as they may be called reserved assets not to be put in distribution until the insufficiency of the other assets is shown, but this is no reason why the creditors may not proceed at once to show that fact."

This is in accord with the general rule that insolvency fixes the rights of all parties having claims against an insolvent estate.   The liability of the stockholders, if any, for unpaid subscriptions, became fixed as soon as it definitely appeared the assets of the company were insufficient to pay its debts.   It then became the duty of creditors, if they desired to obtain payment of their claims, to take steps to bring about a formal determination of the extent of the assessment on unpaid stock subscriptions necessary to liquidate the indebtedness and also to begin proper action to collect such amount from

the respective shareholders within the time limited by the statute.  Whether there may be circumstances in a particular case to excuse delay for a longer period than six years, need not be considered because no such excuse appears in the present proceedings.

Kirschler v. Wainwright, 255 Pa. 525, relied on by appellant, does not apply here.  In that case the action was to enforce a statutory liability and not to secure payment of a balance due on a subscription for shares of stock as here.  The difference between that case and Swearingen v. Dairy Co. is made plain by the present Chief Justice in the opinion in the Kirschler Case (page 533).

The petition to assess the stockholders was not presented to the court until more than four years after the confirmation of the sale of the property of the corporation, at which time the exact amount of the deficiency in the assets was established.  Had such petition been presented promptly and diligently perused the running of the statute of limitations might have been stayed, but that was not done, and the judgment of the court below must be affirmed.

Judgment affirmed.*

---

*Note: A certiorari from the Supreme Court of the United States was allowed.