# Scott, Appellant, *v.* American Container Co. et al.

*Corporations — Receivership—Proceedings against president to recover moneys wrongfully appropriated—Practice, C. P.—Equity —Parties—Jurisdiction—Action, or rule to show cause.*

1. Where a corporation is in the hands of a receiver, it is improper practice to proceed against the president of the company by a rule to show cause to compel him to turn over moneys alleged to have been wrongfully appropriated by him before the receivership.

2. In such case, it is the proper practice for the receiver, under the power given him to collect the assets of the company, to proceed by an action against the president for the moneys alleged to have been misappropriated.

Argued April 23, 1925.    Appeal, No. 299, Jan. T., 1925, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1924, No. 12390, discharging rule to show cause why moneys should not be paid over, in case of Henry J. Scott v. American Container Company and Paul H. Schmitz. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule against Paul H. Schmitz, president of defendant corporation, to show cause why he should not pay over to the receivers moneys alleged to have been misappropriated by him. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Henry J. Scott,* with him *R. C. O'Green* and *Harry E. Apeler,* for appellant, cited: Wilhelm's App., 79 Pa. 120; McGowin v. Remington, 12 Pa. 56; Tide Water Pipe Co. v. Bell, 280 Pa. 104; Wilt v. Electric Co., 187 Pa. 424; Tenth Nat. Bank v. Construction Co., 227 Pa. 354.

*Arthur Littleton,* for appellee.

PER CURIAM, May 11, 1925:

On plaintiff's bill, receivers were appointed for defendant company and in the court's order Paul H. Schmitz, the other defendant in this proceeding, was enjoined from exercising the offices of president and general manager of the company and further required to turn over to the receivers all property and funds of the company. Subsequently, on plaintiff's petition a rule was granted on Schmitz to show cause why he should not pay to the receivers the sum of $7,424.72, alleged to have been wrongfully appropriated by him out of the company's funds. The answer denied a wrongful appropriation or conversion of the company's funds in the amount named in the petition or "any other sums" and averred "the petition fails to show on its face sufficient to give this court jurisdiction to make the rule or order prayed for." The deposition of an expert accountant who examined the books of the company showed portions of the $7,424.72 were for salary claimed to be due defendant, others for traveling expenses and for other items no vouchers appeared. The court below, after stating the facts as substantially set forth above, disposed of the application as follows: "We are of the opinion that the proper practice and proceeding in this case, if the facts alleged in the petition are true, is for the receivers to proceed under the authority of the decree binding them by bringing an action for the recovery of this sum of money alleged to have been wrongfully re-

tained by defendant, Paul H. Schmitz, and that it would be improper and unlawful for the court, upon this rule, to enter judgment thereon, and the rule is therefore discharged."

The court below properly disposed of the application and the judgment is affirmed.