## Rattigan, Receiver, v. Findley.

*Corporation—Stock—Subscription—Contract—Suit on stock subscription —Receiver—Previous accounting and assessment.*

1. A subscription to the stock of a corporation, made upon the same subscription blank which others have signed, is not only a contract with the corporation, but is a contract with all the other subscribers.

2. Where a corporation is insolvent, and all of the unpaid subscriptions to its stock are necessary for the payment of its debts, a receiver may bring suit on the subscriptions without any previous proceeding for an account and an assessment.

3. No principle of law or equity requires an accounting and assessment when they are useless, and will serve no useful purpose.

Motion for judgment *n. o. v.* C. P. Butler Co., March T., 1924, No. 101.

*John H. Wilson,* for plaintiff; *W. H. Martin,* for defendant.

HENNINGER, P. J., Nov. 18, 1925.—The above stated case is now being considered on motion for judgment *n. o. v.,* and the whole inquiry, therefore, is whether or not any judgment may be entered against the defendant on the verdict. The plaintiff is the duly elected receiver of a corporation known as the Times Publishing Company. The corporation is insolvent. The defendant is a subscriber to one share of its capital stock. No part of the subscription has been paid and the whole subscription was due long before insolvency and appointment of receiver. The subscription was made along with and upon the same subscription blank signed by a large number of subscribers, all of whom, with a few exceptions, have paid their subscriptions in full. A subscription made under such circumstances is not alone a contract with the corporation, but with all the other subscribers: Graff *v.* Railroad Co., 31 Pa. 489.

The corporation being insolvent and a small amount of its capital stock being unpaid and the debt being in excess of the unpaid capital stock, the receiver instituted actions of *assumpsit* against each one of the delinquent subscribers. The defendant set up a defence of fraud, but failed to establish it. Defendant then requested binding instructions, contending that the action

could not be maintained by the receiver because the corporation was insolvent and there was no proceeding had for an account and assessment determining the amount of the capital stock necessary to pay the debt.

To sustain defendant's contention we were cited to the case of Lane's Appeal, 105 Pa. 49, and Harrington, Trustee, v. Bergdoll, 281 Pa. 186, the first of which cases holds that an accounting and assessment in equity must precede an action at law. The opinion seems to state that as a general principle of law, but it must be confined and limited to the facts of the case. Anything beyond that is mere *dictum*. The other case states as a principle of law that where a corporation becomes insolvent, the contract between it and a subscriber to its stock is terminated and his debt is only for such part of his subscription as is required to pay the corporate debts. This, however, does not mean that he is released from his obligation, but it means that he may only be required to pay such part of his subscription as is required to pay the debts. In the case under consideration it has been shown that the entire subscription is necessary to pay the debts. Therefore, the obligation on the part of the defendant remains for the entire amount.

The question involved in this case is whether or not the obligation for the entire amount may be enforced in an action of debt. We have come to the conclusion that it may. We find no principle of law or equity requiring an accounting and assessment when they are useless and will serve no useful purpose. Where considerable of the capital stock is unpaid, or where part of each subscriber's stock is unpaid and only part of it is needed to pay the debts, a good reason exists for an accounting and assessment. Otherwise, a receiver may collect money that he would be required to refund; but where the entire unpaid stock is necessary and will not pay the obligations of the corporation, no reason exists why an action in *assumpsit* would not be an appropriate and adequate proceeding. The only purpose of an accounting and assessment is to maintain an equality among stockholders, and where they have paid in full, except a few, and all of the unpaid subscription is needed to pay the debts, actions of *assumpsit* against the delinquent subscribers lead to the same equality.

Where all of the unpaid capital stock is necessary to pay the debt of the corporation, an action at law may be maintained, notwithstanding the fact that there has been no accounting or assessment preceding it: Citizens and Miners Savings Bank v. Gillespie, 115 Pa. 564; Yeager v. Scranton Trust Co., 14 W. N. C. 296.

The two cases cited were suits by assignees of insolvent corporations against stockholders for unpaid stock subscriptions. It was shown on trial that all unpaid stock subscriptions were necessary to pay the debts. Held, that the action was proper and that no accounting or assessment was necessary. On page 572 in the first-stated case Judge Paxson says: "This suit was brought by the assignee to collect the whole of the unpaid subscription. There was no proof of any assessment. There being no assessment in evidence, the learned judge left it to the jury to find whether the whole of the unpaid subscription was required to pay the debt of the company. We see no error in this. If all the unpaid subscription were required to pay the creditors, no assessment was necessary under the authority of Yeager v. Scranton Trust Co., 14 W. N. C. 296. The point decided was that when it is shown that the whole subscription is required to pay the creditors, an assessment is not essential. It was said in the opinion of the court that the uncontradicted evidence shows that it was necessary to collect the whole of this stock subscription in order to pay the sums due to the depositors of this

insolvent corporation. There is not even an apparent conflict between the case referred to and the later case of Lane's Appeal, 105 Pa. 49."

In the case of Swearingen *v.* Dairy Co., 198 Pa. 68, the Gillespie case was referred to on page 75, as follows: "In the case of Citizens and Miners Savings Bank *v.* Gillespie, 115 Pa. 564, it was held that while ordinarily an accounting and assessment are necessary to fix the amount of the stockholder's liability on his unpaid subscription, yet the necessity for this does not exist where the whole amount is required to pay the debt. The assignee may sue at once for all that is required."

In the case of Lipper's Appeal, 212 Pa. 165, a bill in equity was filed to enforce payment of balance of unpaid stock subscriptions. It was resisted on the ground that there was an adequate remedy at law; that the assignee could have proceeded at law. In holding that equity had jurisdiction because law was not as convenient or adequate as equity, the court says: "That there is a remedy at law by separate actions against the respondents is undeniable, but is it a full and adequate remedy in the sense that it bars the jurisdiction of equity?"

Ordinary reasoning leads to but one conclusion, that an action at law was proper in view of the fact that it was shown that all of the unpaid stock subscriptions were necessary to pay the debts. This fact was not disputed, and went to the jury as a fact admitted or at least not controverted.

The question is, in our judgment, clearly ruled by the cases cited. No ruling to the contrary has been called to our attention. The cases relied on, in our judgment, are in no manner in conflict with our conclusion. It, therefore, becomes our duty to refuse the motion for judgment *n. o. v.* and direct judgment to be entered on the verdict.

And now, Nov. 18, 1925, the motion for judgment *n. o. v.* is refused and judgment is directed to be entered on the verdict and exception noted for defendant.

From Thomas H. Greer, Butler, Pa.