# Cochran *v.* Shetler (et al., Appellant).

*Corporations — Dividends — Payment of improper dividends — Directors — Receivers — Foreign corporation — Doing business in Pennsylvania—Appointment of receiver—Law of foreign state— Presumption—Statutes—Strict construction—Equity—Accounting and discovery—Demurrer.*

1. A court of equity in Pennsylvania has power to appoint a receiver for a foreign corporation, where such corporation conducts its business and has its principal office and assets in the State, and all its officers and directors live therein.

2. Such receiver may maintain a suit in equity in Pennsylvania, to recover from the directors of the corporation the amount of dividends they have wrongfully and negligently paid from the capital of the company.

3. A receiver represents not only the corporation but all its creditors, and, as to the latter, it is his duty to secure all the assets available for their payment.

4. Statutes which furnish appropriate remedies for the creditors of corporations as against the stockholder must be strictly followed; but where no specific remedy is provided, then the common law remedy of a claimant may be enforced by him, or by a receiver on behalf of all like situated, and a bill in equity can be maintained to secure appropriate relief.

5. The capital of a corporation is a trust fund for the benefit of every one interested therein, and if it has been depleted by a wrongful payment of unearned dividends, those responsible for the diversion are liable jointly and severally for such payments as are made with their sanction, if they acted wilfully and negligently in so doing.

6. When a bill has been filed against directors to compel the repayment of dividends alleged to have been wrongfully distributed, and a demurrer has been filed thereto, the court cannot, in passing on the demurrer, consider the question whether the defendant acted while in office from an honest error or mistake of judgment; that is a question of fact which can be passed on only after an answer has been filed and the parties heard.

7. In such case, defendants cannot allege that plaintiff has an adequate remedy at law, if it appears that an accounting and discovery are necessary to afford the proper relief.

8. On a bill in equity by a receiver against the directors of a foreign corporation for wrongful diversion of dividends, the court will assume on demurrer that the law of the state of incorporation, if deemed material, is the same as that of Pennsylvania.

Argued March 15, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 165, Jan. T., 1926, by George Callender, a defendant, from decree of C. P. Luzerne Co., March T., 1923, No. 2, overruling demurrer to bill in equity, in case of Edwin R. Cochran et al., receivers of Shetlers Cash Stores Co. v. H. A. Shetler et al. (original defendants), Evan B. Moore, executor of estate of Ira E. Moore, deceased, Harry Perkins, George Callender et al. (by amendment). Affirmed.

Bill to recover dividends alleged to have been wrongfully paid. Before McLEAN, J.

The opinion of the Supreme Court states the facts.

Demurrer filed and overruled. George Callendar, a defendant, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*J. Q. Creveling,* for appellant.—The liability of stockholders is secondary, and the proceeding to enforce it statutory, not at common law: Youghiogheny Shaft Co. v. Evans, 72 Pa. 331; Childs v. Adams, 43 Pa. Superior Ct. 239; Lane's App., 105 Pa. 49.

Before the directors can be sued for having paid illegal dividends, there must be a failure to collect from the corporation by execution: Archer v. Rose, 3 Brewster 264; Loux Creamery Co. v. Tice, 44 Pa. C. C. R. 693; Nesbitt v. Clark, 272 Pa. 161; Commercial Nat. Bank v. Kirk, 222 Pa. 567; Hale v. Allison, 188 U. S. 56.

*S. M. R. O'Hara,* with him *Rush Trescott,* for appellees.—The liability of directors for violation of their trust by payment of dividends out of capital of the company may be enforced by bill in equity, as the liability exists independent of any statute: Fell v. Pitts, 263 Pa. 314; Loan Society v. Eavenson, 248 Pa. 407; Childs v. Adams, 43 Pa. Superior Ct. 239; Bennett v. Cadwell, 70 Pa. 253; Musser v. Stauffer, 178 Pa. 99; Baughman's Est., 281 Pa. 23, 37; Auken v. Dunning, 81 Pa. 464; Bollinger v. Gallagher, 144 Pa. 205.

Under any and every aspect of this case, it is clear that the receivers have authority under the law to maintain this bill, and that the liability of directors therein set up is an asset of the corporation which a receiver may recover in equity or at common law: McKean v. Biddle, 181 Pa. 361; Gunkle's App., 48 Pa. 13; Cape May Real Estate Co. v. Henderson, 231 Pa. 82; Brown v. R. R., 83 Pa. 316; Wesley Church v. Moore, 10 Pa. 273.

OPINION BY MR. JUSTICE SADLER, April 12, 1926:

The Shetler Cash Stores Company was incorporated in the State of Delaware, but conducted its operations in the City of Wilkes-Barre, Pennsylvania. Its principal place of business was located there, and the assets were in the County of Luzerne, where all the officers and directors reside. Financial difficulties led to the appointment of a receiver by the Delaware courts in 1922, and this was followed by the selection of two others in this State shortly thereafter. These officers, alleging the concern to be insolvent, never having made any profit

from the conduct of its enterprise, filed a bill in equity to recover from certain directors the amount of dividends which they had "wilfully and negligently" paid from the capital of the company, averring that the sums so misappropriated were necessary for the payment of indebtedness and satisfaction of demands of creditors. Later, other directors were added as parties defendant, and an amended complaint submitted. A demurrer was interposed, denying the legal right of the receivers to maintain the proceeding on behalf of creditors. This was overruled, and an appeal taken by one of the parties in interest to test the correctness of the ruling of the court below on the jurisdictional question raised, as permitted by the Act of March 5, 1925, P. L. 23.

The court was clearly acting within its powers in appointing receivers for the alleged insolvent company, notwithstanding the fact that it was chartered by a foreign state (Cunliffe v. Consumers Assn., 280 Pa. 263; National Guarantee Co. v. Worth & Co., 274 Pa. 148), though liabilities arising from failure to comply with penal provisions in force in another commonwealth are not enforceable here: Commercial Nat. Bank v. Kirk, 222 Pa. 567; Nesbitt v. Clark, 272 Pa. 161. "A receiver represents not only the corporation but all its creditors, and, as to the latter, it is his duty to secure all the assets available for their payment. For this purpose he succeeds to their rights, and has all the powers to enforce such rights that the creditors before his appointment had in their own behalf, even though such powers be beyond those which he has as the representative of the corporation alone. As each creditor may sue, the right is equal in all, and common to all, and hence the receiver, who represents all alike, is the proper party to assert the common right and pursue the common remedy for the common benefit" (Cushing v. Perot, 175 Pa. 66, 76; State Bank of Pittsburgh v. Kirk, 216 Pa. 452), provided he institutes the appropriate action within the time limited by law: Harrigan v. Bergdoll, 281 Pa. 186.

In passing upon the right to maintain this proceeding, we must distinguish those cases depending upon a statute where the method of procedure to secure redress has been fixed, which necessarily must be followed: Ahl v. Rhoads, 84 Pa. 319; O'Reilly v. Bard, 105 Pa. 569. So, where liability for unpaid stock subscriptions is attempted to be imposed (Kirschler v. Wainwright, 255 Pa. 525), and where the applicable legislation has directed that there must be a preliminary assessment by the corporation before suit is brought, this course must be pursued before the rights of the creditor or receiver can be enforced. Even then recoveries have been permitted when it appeared on trial that all of the amount collectible was necessary for the payment of debts: C. & M. Savings Bank v. Gillespie, 115 Pa. 564. A like rule applies where the statute requires that all of the assets of the corporation must be exhausted before personal liability of others shall arise: Craig's App., 92 Pa. 396; Youghiogheny Shaft Co. v. Evans, 72 Pa. 331; Mean's App., 85 Pa. 75.

The decisions holding that the debts of the creditors must be fixed and the amount of collectible claims against the corporation determined, before suit can be maintained, led appellant to the position taken in the demurrer filed, but, as noted, these cases rest on statutory requirements applying to the particular cases, where such action was made a condition precedent to the right to recover. Childs v. Adams, 43 Pa. Superior Ct. 239, following Miller Paper Co. v. York Coated Paper Co., 34 Pa. Superior Ct. 315, and Archer v. Rose, 3 Brews. 264, so strongly relied upon, are within the class of authorities mentioned. All were based on the Act of July 12, 1863, P. L. of 1864, 1102, sections 41 and 42, amended by the general Corporation Act of April 29, 1874, P. L. 73, though not repealed by it: Miller Paper Co. v. York Coated Paper Co., supra. That act applied only to corporations for "mechanical, manufacturing, mining and quarrying purposes," and the companies involved were

of the second class mentioned. The rights of creditors and stockholders in corporations of other kinds than those mentioned are not controlled by the requirements found therein.

Statutes which furnish appropriate remedies for the creditor as against the stockholder must be strictly followed. But where no specific remedy is provided, then the common law remedy of a claimant may be enforced by him, or by a receiver on behalf of all situated alike, and a bill in equity can be maintained to secure appropriate relief. The suit here, brought in the right of the creditors, is to compel the restoration of capital, improperly used to pay unearned dividends. That net profits may be distributed, when earned, is, of course, beyond dispute: McKean v. Biddle, 181 Pa. 361; Kingston v. Home Life Ins. Co. (Del.), 101 Atl. 898; Bryan v. Aiken (Del.), 82 Atl. 817. But the capital of the corporation is a trust fund for the benefit of every one interested therein, and, if it is misappropriated, those responsible for the diversion are liable jointly and severally for such payments as are made with their sanction, if it appears, as here charged, that they acted wilfully and negligently in so doing: Kisterbock's App., 51 Pa. 483. Of course, if the dividend was declared as a result of an honest error or mistake of judgment, no responsibility attaches, but that is a question of fact which must be determined after the parties have been heard. It cannot be disposed of on demurrer.

If the allegations of the bill can be established, then an accounting may be had as prayed for, and those in default compelled to restore the funds improperly expended: Scott v. American Container Co., 283 Pa. 515; Lowman v. Pierce Co., 276 Pa. 382. The receiver, acting for the creditors, has full power to ask that this be done, and, indeed, it is his duty to so proceed, if the facts justify the charge: Fell v. Pitts, 263 Pa. 314; Cornell v. Seddinger, 237 Pa. 389; Loan Society v. Eavenson, 248 Pa. 407; Lane's App., 105 Pa. 49; Gunkle's App.,

48 Pa. 13. This may be required by the corporation itself, even though not insolvent: Loan Company v. Eavenson, 241 Pa. 65. The stockholders who are injured may also compel payment into the corporation treasury of the fund misused, though they may not have it distributed directly to themselves (Beeber v. Wilson, 285 Pa. 312), and could not maintain a bill in their own name to recover for wrongdoing, where no loss was occasioned to the company, and it was financially sound: Land Title & Trust Co. v. Connolly, 233 Pa. 1. It is suggested that the dividends here paid were given to stockholders, and they would have no standing to complain. Doubtless, this is true (Loan Society v. Eavenson, supra, p. 416), but the action is for the benefit of the creditors of an insolvent corporation, and they have the right to compel a restoration of misappropriated capital. Nor is the objection well taken that the parties' complainant have an adequate remedy at law. In a case such as this, where an accounting and discovery is necessary, equity will grant relief: Loan Society v. Eavenson, 241 Pa. 65.

It is further insisted that the present proceeding cannot be maintained in the State of Pennsylvania, since liability in such cases is fixed by statute in Delaware, the place of incorporation. What the law of that state in this regard is, does not appear in the record now before us. There is a presumption that the same legal rules apply as are in force in our own Commonwealth: Musser v. Stauffer, 178 Pa. 99, 105; Baughman's Est., 281 Pa. 23, 37. The demurrer is, of course, barren of any suggestion as to the law of the place where the company was formed, and, as such must be proved as a fact, if deemed material, it must be presumed to be the same as that of our own: Cape May Real Est. Co. v. Henderson, 42 Pa. Superior Ct. 1, affirmed, 231 Pa. 82, 86. An examination, however, of the legislation there in force shows no difference as to the liability of directors who illegally declare dividends from capital: Corporation Laws of Delaware, 1915, section 35. There is found a provision

(section 51), that judgment shall first be had against the corporation, and execution returned unsatisfied, before suit shall be brought against directors, but that applies only where the attempt is to collect debts of the corporation from them individually, and not to circumstances such as appear here.

The court had jurisdiction to entertain the bill filed in this proceeding, and the demurrer was properly overruled. Whether the directors made the payments alleged while in office, and in so doing acted negligently and wilfully, as charged, are matters of fact which must be determined on hearing, after answer filed. As to the merits of the claim of the receivers we, of course, express no opinion, but hold that such matters have been alleged as to make necessary a reply by defendants, who, in due time, will have ample opportunity to present their defense.

The order and decree of the court below is affirmed at the cost of appellant.