## Lindstrom et al. v. U. S. National Building and Loan Association et al.

*Max Walls*, for petitioner; *William A. Gray*, for respondents.

KUN, J., October 31, 1932.—The bill filed in this case charges generally mismanagement of the affairs of the defendant corporations and misappropriation of the funds and assets by the officers thereof. Counsel appeared for the defendants and consented to the appointment of a temporary receiver. No answer was thereafter filed by either of the defendants and a decree pro confesso was entered in due course. The receiver appointed by the court filed a petition set-

ting forth that he has been able to locate but little assets, no more than would be sufficient to meet two per cent. of the liabilities; and praying, so that he may endeavor to discharge his duty of setting up a true and correct inventory and appraisement, that the officers of the corporations be required to appear before the court for examination for the purpose of discovering assets. To this petition the officers filed answers questioning the jurisdiction of the court to make such an order against them. So far as we have been able to discover, no such question has ever been raised in Pennsylvania. We cannot assume that officers of defunct corporations have never been examined by a court of equity in Pennsylvania to discover the whereabouts of assets. No doubt the assumed right has been exercised frequently, but this is the first case in which the legality of the right has been questioned. The point was made at the oral argument that there is no issue in connection with which the officers can be cross-examined. The contention is rather naive. Because, forsooth, the officers of the corporations did not file any answers to the charge of mismanagement and misappropriation and the appointment of the receiver was consented to and a decree was thereafter taken pro confesso, they argue now that they cannot be examined, and the court has no jurisdiction to compel them to appear to disclose the whereabouts of the assets of the corporations which they mismanaged and whose funds and assets they are charged with having misappropriated. The law is subject to no such reproach as sustaining such a contention would imply.

It is a universally established principle that where a court of equity has obtained jurisdiction of a controversy, it should retain and proceed with that jurisdiction and use every process available to it, whether direct or ancillary, for the purpose of administering complete relief, doing the fullest justice with respect to the subject matter unless enjoined by statute in any particular in connection therewith, and there is no wider and more effectual scope of service which a court of equity may render than that of discovery. The mere absence of specific precedent in our own jurisdiction or novelty in incident presents no obstacle to the exercise of jurisdiction by a court in equity. We do not feel there is anything novel in the situation. The right has undoubtedly been exercised in our jurisdiction innumerable times, but no one has heretofore thought to question it.

When a receiver is appointed, it is his duty to set up a proper inventory and appraisement of the assets of the corporation or concern for which he was appointed receiver, and to advise the court in due time of the condition of the corporation or concern. It must be obvious that the court has the right to make such orders from time to time as it deems necessary and proper to make effectual the proper administration of the estate for which the receiver was appointed. The first of these is to enable the receiver to locate all the assets involved. It must also be obvious that the most direct and expeditious way of locating the assets is to make inquiry of the officers of the corporation as to their whereabouts, and we can think of no violation of any right of the officers of the corporation in requiring them to appear before the court and make such answers to questions which may be put to them concerning the whereabouts of the assets of the corporation which they managed and for which it became necessary to appoint a receiver.

There is no statute forbidding the court from making such an inquiry. On the other hand, there appears to be almost direct statutory authority for it. In the Act of June 4, 1901, P. L. 404, Sec. 17, appearing in 39 PS §71, under the title "Powers of assignee or receiver; effect of recovery of property" it is provided, in addition to other powers of the receiver, that 'he may, by bill of discovery or other legal or equitable proceeding, obtain information of, and sue for and recover, in his own name as such assignee or receiver, any assets . . ."

involved. It is to be noted that proceedings are not limited to "bill of discovery" which would, of course, have to be filed if the parties involved were strangers to the initial litigation, but as the court of equity is intended to be elastic and comprehensive in the scope of its usefulness, the statute provides that the receiver may through it use any other legal or equitable proceeding not only to sue for the recovery of assets but necessarily as a basis for any such eventual proceeding to "obtain information of" such assets.

The petition filed against the officers of the defendant corporations in the case before us is to require them to appear for examination by the court for discovery of any assets of the corporations. This is a perfectly proper "other legal or equitable proceeding" to "obtain information of" assets of the corporations, for which we are quite convinced the statute is ample authority. In other words, the petition is but ancillary to the bill and an aid to its proper disposition.

While, as we have stated, the question has never before been raised in Pennsylvania, at least so far as any reported case discloses, the jurisdictions in which the question has been raised have all supported the view that the court has the power to compel the appearance of the officers of such corporation, and this has been adopted as the general law by leading textwriters, as well as by Corpus Juris: 53 C. J. 109; Tardy's Smith on Receivers, page 872, Sec. 345, citing the case of American Construction Co. v. Jacksonville, T. & K. W. Ry. Co., 52 Fed. 937. See, also, Tolleson v. Greene, 83 Ga. 499. So far as we have been able to discover, no contrary view has ever been expressed or intimated. If, as must be conceded, the officers of such corporation may be compelled to turn over assets to the receiver appointed by the court, we must have the power to examine such officers as to the whereabouts of the books, papers and other assets of the corporation.

In Nartzik v. Ehman, 191 Ill. App. 71, a bill was filed charging concealment and fraudulent disposition of the assets of the defendant corporation. Thereafter, a receiver was appointed, and the matter was referred to a master to examine the officers of the corporation with reference to the alleged concealment of property. The right to examine the officers in such ancillary proceeding was sustained. A leading New York case, Mathushek Piano Mfg. Co. v. Pearce, 79 Hun 417, 29 N. Y. Supp. 781, appeal dismissed in 143 N. Y. 680, likewise held that it is within the inherent power of the court to require the defendant to submit to an examination with reference to the whereabouts of the books, papers and assets.

On the question of possible incrimination, it has been held that an officer of a corporation for which a receiver has been appointed cannot refuse to turn over the books of such corporation or state what was done with its assets or where they may be by standing on his alleged constitutional right, because the testimony relating to the subject matter or production of the books would tend to incriminate him: Tolleson v. Greene, supra; Manning et al. v. Mercantile Securities Co. et al., 242 Ill. 584, 30 L. R. A. (N. S.) 725.

A proceeding to discover assets is not to be confused with a claim for moneys alleged to have been misappropriated by an officer, as to which it has been held a receiver is not entitled to a turnover order on petition, but he must proceed by an appropriate action to recover the amount claimed: Scott v. American Container Co. et al., 283 Pa. 515. The point is that an examination of the officers might disclose the actual whereabouts of some property of the corporation in their possession or under their control which the court would undoubtedly order turned over to the receivers, and as to any disclosed misappropriation of funds the receiver would be obliged to sue therefor as indicated in the case cited.

We accordingly hold that we have full and ample authority in the premises to require the officers of the defendant corporations to appear before us for examination for the purpose of discovery of assets to enable the receiver appointed by the court properly to perform his duties. An appropriate order is herewith filed.