## Commercial National Bank, Appellant, v. Kirk.

*Conflict of laws—Penal laws—Jurisdiction—Liability of directors— Failure to make return—Construction by court of last resort—Corporations.*

The courts of Pennsylvania will not enforce the penal laws of another state in all actions brought here when the courts of that state have declared the statute in question to be penal.

Where the highest court of appeal of another state has decided that the liability imposed upon the directors of a corporation of such state for failure to make a statutory return is a penal liability, the courts of Pennsylvania will not enforce such liability against the directors in an action brought to enforce the penalty here.

*Affidavit of defense—Practice, C. P.—Penal action.*

No affidavit of defense is required in a penal action.

Argued Oct. 13, 1908. Appeal, No. 220, Oct. T., 1908, by plaintiff, from judgment of C. P. Lawrence Co., June T., 1906, No. 99, on verdict for defendants in case of Commercial National Bank of Bozeman, Montana, v. C. J. Kirk et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit against directors of a Montana corporation. Before WILLIAM E. PORTER, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Oscar L. Jackson,* with him *Hartman & Hartman* and *Chas. R. Davis,* for appellant.—Whilst the court below seemed to base

its decision largely if not entirely on Montana decisions it is worthy of note that there is very high authority for the claim that in a contest of this kind it is Pennsylvania courts that should decide whether that statute is so far penal that they will not enforce it: Githers v. Clarke, 158 Pa. 616; Ball v. Anderson, 196 Pa. 86; First Nat. Bank of Pittsburg v. Darlington, 30 Pa. Superior Ct. 302; Vanhorn v. Corcoran, 127 Pa. 255; Sheble v. Strong, 128 Pa. 315.

The liability sought to be enforced is contractual in its nature and the statute remedial: Huntington v. Attrill, 146 U. S. 657 (13 Sup. Ct. Repr. 224); Nebraska Nat. Bank v. Walsh, 68 Ark. 433 (59 S. W. Repr. 952); Farr v. Briggs, 72 Vt. 225 (47 Atl. Repr. 793); Ferguson v. Sherman, 116 Cal. 169 (47 Pac. Repr. 1023); Russell v. Ry. Co., 113 Cal. 258 (45 Pac. Repr. 323); Marshall v. Sherman, 148 N. Y. 9 (42 N. E. Repr. 419); Dexter v. Edmands, 89 Fed. Repr. 467; Bank v. Ellis, 42 L. R. A. 396; Swanscoat v. Remsen, 78 Fed. Repr. 592; Northern Pac. R. R. Co. v. Mase, 63 Fed. Repr. 114; Hobbs v. Nat. Bank of Commerce, 96 Fed. Repr. 396; Ramsden v. Knowles, 151 Fed. Repr. 721; Anglo-American Land, etc., Co. v. Lombard, 132 Fed. Repr. 721; Whitman v. Citizens' Nat. Bank, 110 Fed. Repr. 503; Whitman v. Nat. Bank of Oxford, 83 Fed. Repr. 288; Child v. Iron Works, 137 Mass. 516; Patterson v. Stewart, 41 Minn. 84 (42 N. W. Repr. 926); Jenet v. Nims, 43 Pac. Repr. 147; First Nat. Bank of Butte v. Weidenbeck, 87 Fed. Repr. 271; Davis v. Mills, 99 Fed. Repr. 39.

*J. Norman Martin*, for appellees.—The penal laws of one state can have no operation in another: Plymouth First Nat. Bank v. Price, 33 Md. 487; Price v. Wilson, 67 Barb. (N. Y.) 9; Spellier Electric Time Co. v. Geiger, 147 Pa. 399; Bennett v. Cadwell, 70 Pa. 253; Van Auken v. Dunning, 81 Pa. 464; Brown v. R. R. Co., 83 Pa. 316.

The statute of Montana under which the suit is brought is declared to be penal by the Supreme Court of Montana: Gans v. Switzer, 9 Montana, 408 (24 Pac. Repr. 18); Elkhorn Trading Co. v. Tacoma Min. Co., 16 Montana, 322 (40 Pac. Repr. 606); Wethey v. Kemper, 17 Montana, 491 (43 Pac. Repr. 716).

The courts of Pennsylvania are bound by the construction put on the act by the supreme court of Montana: Schmaltz v. York Mfg. Co., 204 Pa. 1; Ball v. Anderson, 196 Pa. 86; Cushing v. Perot, 175 Pa. 66; Lebanon Nat. Bank v. Karmany, 98 Pa. 65.

The action being penal, an affidavit of defense was not required: Boyd v. Turner, 1 Browne, 133; Read v. Bush, 5 Binney, 455; Borlin v. Com., 99 Pa. 42; Boas v. Nagle, 3 S. & R. 250; Barr v. Duncan, 76 Pa. 395; Tiffany v. Nat. Bank, 85 U. S. 409; Barnet v. Nat. Bank, 98 U. S. 555; Lebanon Nat. Bank v. Karmany, 98 Pa. 65; United States v. Bank, 26 U. S. 100; Weidimor v. Drissel, 1 Yeates, 77; Finney v. McMahon, 1 Yeates, 248.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

The appellees were stockholders in and directors of a mining corporation of Montana. Under a statute of that state, it is made the duty of the corporation to make an annual report showing the amount of capital stock authorized, the proportion of the capitalization paid in, and the existing indebtedness, which report is required to be filed in the office of the clerk of the county where the principal place of business is located. In the present case the annual report was not made nor filed as required by the statute. Failure to make and file the report imposes upon the directors a statutory liability to jointly or severally pay the indebtedness of the corporation then existing or any that shall thereafter be contracted until such report shall be made and filed. This suit was instituted in Pennsylvania to enforce against certain of the directors here the collection of an indebtedness of the corporation due the appellant bank in Montana. The right to recover as a personal obligation against directors in this state depends upon the nature of the liability under the Montana statute, which if penal, must be enforced in that jurisdiction. The earlier cases in most jurisdictions regarded such statutes as penal, and suits upon them as actions for penalties, but the later cases, especially those of the federal courts, which perhaps declare the sounder view of the law, hold that the liability in such cases is contractual in its nature, and

such statutes remedial. The leading case declaratory of this doctrine is Huntington v. Attrill, 146 U. S. 657. We have carefully considered this case and the numerous other cases cited by the learned counsel for appellant, and we agree that the weight of authority sustains the general principle announced, but we are not convinced that it can have controlling force in the decision of the present case under the circumstances. It must not be overlooked that the liability sought to be enforced here arises under a Montana statute, and in the first instance we must look to the law of that state to determine its nature, limitation and extent. If the courts of that state had not passed upon the question involved here, it would then be our duty to consider and decide it according to the general principles of law applicable to such cases. But, the supreme court of Montana has passed upon the question in several cases by holding the statute under which the alleged liability in this case arises to be penal, and that its provisions must be strictly construed: Gans v. Switzer, 9 Mont. 408; Elkhorn Trading Co. v. Tacoma Min. Co., 16 Mont. 322; Wethey v. Kemper, 17 Mont. 491; State Savings Bank v. Johnson, 18 Mont. 440. We do not feel at liberty to disregard these decisions of the Montana courts and must conform our administration of the law to them, and this is true independently of what our views on the question involved might be: Ball v. Anderson, 196 Pa. 86. This view of the case makes it unnecessary to discuss the question raised as to the necessity of filing an affidavit of defense. If penal no affidavit is required. The argument of the learned counsel for appellant is able and exhaustive, and if presented to us in the first instance, perhaps convincing, but we are bound by the Montana decisions as to the penal character of the statute; and if penal, the disposition of the case by the learned court below was clearly right.

Judgment affirmed.