## Nesbitt, Appellant, v. Clark et al.

*Corporations—Penal statutes—Failure of directors to file reports —Conflict of laws—Comity—"Full faith and credit" clause of Federal Constitution.*

1. A penal statute is one which imposes a penalty or forfeiture for transgressing its provisions, or for doing a thing prohibited, and it is none the less a penal statute because it is also remedial. Such statutes are not enforced outside of the states enacting them.

2. The liability of directors of a corporation to file reports, is penal, and as a rule will not be enforced by courts of other states.

3. A statute of Colorado providing that, if a corporation shall fail to file an annual report within a specified time, the directors and officers shall be liable for all debts of the company contracted during the preceding year, is penal in character, and will not be

enforced by the Pennsylvania courts against directors resident in Pennsylvania.

4. Such an act being hard and severe should be construed with great strictness.

5. If a Colorado court has, under a given state of facts, held it to create a contractual liability, and not to impose a penalty, the courts of another state, when called upon to enforce the statute, should not so construe it, unless the facts are substantially the same.

6. The Pennsylvania courts will not follow a decision of the Colorado Supreme Court construing the act not to be penal, where all the preceding cases in the same court have held it to be penal, and the wording of the act itself shows the penal character, if the decision in question makes no attempt to distinguish the preceding cases, or to overrule them, makes no mention of the legislative interpretation of the act, and the facts in the case are not similar to those in the Pennsylvania suit.

7. A foreign court is not bound to apply the doctrine of comity where the highest court of the other state has given different constructions to its statutes at different times and rights may have been acquired under the former construction.

8. The "full faith and credit" clause of the Constitution of the United States is not to be confused with the rule relating to the construction of statutes by comity so as to conform to the ruling of the highest court of the state which enacted the statute.

9. In the former, a state court is bound to recognize a judgment of another state; in the latter, where a judgment is not directly involved, the courts of a sister state will, by comity, under similar facts, and where the course of decisions has been uniform, adopt the decision of the highest tribunal of the state enacting the statute as the construction to be given the act.

Argued October 11, 1921. Appeal, No. 103, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1921, No. 403, for defendants on question of law raised by affidavit of defense, in case of A. G. Nesbitt, ancillary administrator of estate of Walter R. Herrod, deceased, v. Charles H. Clark et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on promissory notes. Before STONE, J.

The opinion of the Supreme Court states the facts.

Judgment for defendants on question of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.— The Pennsylvania courts should look to and follow the construction placed upon the statute in question by the highest court of Colorado: Commercial Nat. Bank v. Kirk, 222 Pa. 567.

The highest court of Colorado has held, as to actions brought by creditors of the corporation against its officers and directors, that this statute is remedial and enforceable against the officers and directors: Credit Men's Adjustment Co. v. Vickery, 62 Col. 214; Interstate Savings & Trust Co. v. Wyatt, 63 Col. 1; Perini v. Oil Co., 68 Col. 564.

The refusal of the Pennsylvania courts to enforce the statute and decision of Colorado is a violation of the "full faith and credit" clause of the Federal Constitution: Huntington v. Attrill, 146 U. S. 657.

Huntington v. Attrill, supra, is regarded as the leading case on the points hereinbefore stated and decided. It is referred to as authority in the following cases: Meeker v. R. R., 236 U. S. 412; O'Sullivan v. Felix, 233 U. S. 318; Ward v. Com'rs, 253 U. S. 17.

As further authorities, both on the question that the statute of Colorado is remedial and that from an international standpoint it should be enforced by the Pennsylvania courts: see Hancock Nat. Bank v. Farnum, 176 U. S. 640; Whitman v. Bank, 176 U. S. 559; Royal Arcanum v. Green, 237 U. S. 531.

*John M. Freeman,* of *Watson & Freeman,* with him *James L. Weldon, Thorp, Boswick & Stewart, A. M. Simon* and *Herbert D. Lent, Jr.,* for appellees.—Penal laws are not enforceable outside of the state creating them: Commercial Nat. Bank v. Kirk, 222 Pa. 567; The Antelope, 10 Wheat. 66; Flash v. Conn., 109 U. S. 371.

The statute of Colorado, on which the liability of defendants is based, is unquestionably a penal statute and not enforceable outside of that state: Brown v. Kildea, 58 Wash. 184; Adams v. R. R., 67 Vt. 76; Chase v. Curtis, 113 U. S. 452.

This act has been uniformly held penal by the courts of Colorado, and the decisions of that court, while not binding on this court, are to be given weight in determining the character of the act: Gregory v. Bank, 3 Col. 332; Clough v. Oil Co., 25 Col. 520.

The decisions of other states where this question has arisen are substantially uniform in holding that statutes of this particular type are penal and not enforceable outside of the state enacting them: Cary v. Schmeltz, 141 Mo. App. 570; First Nat. Bank of Plymouth v. Price, 33 Md. 487; Derrickson v. Smith, 27 N. J. L. 166; Wisconsin v. Ins. Co., 127 U. S. 265.


OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

Plaintiff, as ancillary administrator of Walter R. Herrod, deceased, brought suit against defendants, to recover the amount represented by four promissory notes, given by the Ward Mining & Milling Company, a corporation of the State of Colorado, to Herrod in his lifetime. The liability of defendants, who are alleged to be officers and directors of that company, is asserted under a statute of Colorado, which provides, in substance, that if any corporation shall fail to file an annual report in the office of the secretary of state, within sixty days after January first of each year, the officers and directors of the corporation shall be liable for all debts of the corporation, contracted during the preceding year, and until the report shall be filed. It is alleged the report required was not filed. The contention of the plaintiff is that the statute in question is remedial as to creditors of the corporation, and therefore enforceable in Pennsylvania against defendants as its officers and directors; where-

as, by their affidavit of defense, defendants take the position that the statute is penal, and therefore not enforceable here. The court below determined the case accordant with the latter view and entered judgment for defendants; plaintiff appeals.

It is well settled that penal laws of one state can have no operation in another: The Antelope, 10 Wheaton 66; Flash v. Connecticut, 109 U. S. 371.

In Commercial National Bank v. Kirk, 222 Pa. 567, where an action was brought to enforce a liability under a Montana statute, similar to the one now before us, it was said, "The right to recover as a personal obligation against directors in this State depends upon the nature of the liability under the Montana statute, which, if penal, must be enforced in that jurisdiction."

The trend of judicial decisions in Pennsylvania has always been against the enforcement within this Commonwealth of the penal enactments of other countries and states. In our early case of Commonwealth v. Halloway, 1 S. & R. 392 (1815), it was held that penal statutes of another country will not be enforced here, even against one who by contract has agreed to be subject to them. There it appeared a seaman had shipped in a British port, under articles in which he agreed to be subject to certain British statutes authorizing the arrest and imprisonment of sailors who deserted their ships. The seaman left his ship when it reached Philadelphia; he was arrested and committed by an alderman until security should be entered that he would continue on the voyage. In habeas proceedings it was held by Chief Justice TILGHMAN that the commitment was illegal, notwithstanding the contract by which the imprisoned sailor had agreed to be subject to the penal statute of Great Britain authorizing such imprisonment.

Appellees contend that the liability imposed by the Colorado statute is penal. Whatever may be the conclusion as to this, it is a harsh and severe law. The neglect of an official to file the report provided by the act may

cause the ruin of perfectly innocent directors, although they may have directed the report to be filed. The debts for which they will be made liable may have been contracted before the date fixed for filing the report, and the neglect to file it may have misled nobody, yet the directors are fixed with liability. Such an act should be construed with great strictness. If a Colorado court has, under a given state of facts, held it to create a contractual liability, and not to impose a penalty, the courts of another state, when called upon to enforce the statute, should not thus construe it, unless the facts involved are substantially the same.

In Credit Men's Adjustment Co. v. Vickery, 62 Colorado 214, the Supreme Court of Colorado was presented with the question whether an assignee of a demand,—arising under the act, against directors of a corporation, —could collect, it being urged that he could not, because the claim was for a penalty, and therefore unassignable. The court ruled that the demand, under the circumstances there shown, was not for a penalty, and could be collected. In the course of the opinion, it was said, "This kind of a statute imposing a liability on directors for the debts of a corporation for failure to file a report, is, broadly speaking, penal in character, although not such in the strict sense of that term......Within the statute of limitations, and, for the purpose of determining the liability of directors, it is as to them in the nature of a penalty; but when the facts bring the case against the directors clearly within the statute, it affords relief to creditors, and, as to them, is remedial in character. The courts of this State have often considered the statute from the side affecting directors, *and as to them uniformly held it to be penal in its nature.* Here the directors' liability is admitted [just how or why the opinion does not disclose], and we are now confronted with the question which requires a consideration of the statute from the viewpoint of creditors in enforcing the liability......In some respects the statute is penal,

while in others it is remedial in character. *Penal in its nature as to the directors for the purpose of determining their liability,* and to be strictly construed. When the liability is clearly shown, it is remedial in character as to creditors, and to be liberally construed in its enforcement."

We confess, that the reasoning by which the court reached the conclusion, that the statute is not penal, is not altogether clear to us; particularly is this so when we take into account that, in all the other cases in which the act has been considered by the Colorado courts, the liability imposed has been construed as penal.

Under an earlier, but similar, act in Gregory v. Bank of Denver, 3 Colorado 332, it was said, "The liability of the trustees, arising from a failure to publish an annual report, is in no way related to the loss that creditors of the company may sustain by reason of such violation of the statute. The joint and several liability attaches to the trustees, not because creditors of the company contracted with them, not because the corporation is insolvent, but because they neglected to perform a duty enjoined by law. It cannot be said that creditors of the company contracted with reference to any indemnity afforded by this section......This statute is in its nature penal." Clough v. Rocky Mountain Oil Co., 25 Colorado 520, was a joint action, brought against the corporation and its directors who had failed to file an annual report. The court said: "Therein the parties defendant were improperly joined because the liability of the corporation defendant was based upon a contract, while that of the directors arose from a tort, being based upon a penalty imposed for a failure to perform a statutory duty." Steck v. Prentice, 43 Colorado 17, held that the act did not apply to corporations not for profit, the court saying: "Statutes imposing noncontractual liability upon officers or stockholders of a corporation for such defaults are penal in their nature and strictly construed." Hazleton v. Porter, 17 Colorado App. 1; Woodworth v.

Henderson, 28 Colorado 381, and Dart v. Hughes, 49 Colorado 465, held that the one year statute of limitations, which applied to actions for recovery of penalties, applied to actions brought under the statute against directors. In the cases of Colorado Fuel & Iron Co. v. Lenhart, 6 Colorado App. 511, and Fairbanks, Morse & Co. v. MacLeod, 8 Colorado App. 190, it was held that the liability of directors was penal and not contractual. Beside these various judicial interpretations of the act, the legislature of Colorado, in the very act itself has construed the liability, imposed by the first paragraph, as a penalty, when it uses, in the second paragraph, the significant words "as a further penalty" and "in addition to which penalty." By no process of reasoning can these words refer to anything other than the liability imposed in the first paragraph on directors who have failed to comply with the provisions of the act.

It is significant that in the case of Credit Men's Adjustment Co. v. Vickery, 62 Colorado 214, no reference is made to the numerous previous cases in which the act was construed as penal, no attempt was made to distinguish them, or to overrule them, and no mention was made of the legislative interpretation of the act. Under such circumstances, a court of another state may well decline to apply the rule of comity to the decision in that case. A foreign court is not bound to apply the doctrine of comity where the highest court of the other state has given different constructions to its statutes at different times, and rights may have been acquired under the former construction: Fairfield v. Gallatin, 100 U. S. 47, 50.

The "full faith and credit" clause of the Constitution of the United States is not to be confused with the rule relating to construction of statutes by comity so as to conform to the ruling of the highest court of the state which enacted the statute. In the former, a state court is bound to recognize a judgment of another state; in the latter, where a judgment is not directly involved,

the courts of a sister state will, by comity, under similar facts and where the course of decisions has been uniform, adopt the decision of the highest tribunal of the state enacting the statute, as to the construction to be given the act.

Great reliance is placed by appellant, and was likewise placed by the Colorado court, in Credit Men's Adjustment Co. v. Vickery, 62 Colorado 214, on the case of Huntington v. Attrill, 146 U. S. 657, as sustaining the contractual liability of directors under the act in question. In Huntington v. Attrill, a judgment was recovered by the plaintiff in New York. The defendant Attrill, was a promoter and incorporator of a company, and filed a certificate, required by the New York statute, to the effect that the whole stock of the corporation had been paid in, which was in fact false. Huntington had loaned to the company $100,000 after its incorporation, but before the certificate had been filed. The statute provided that a director filing such false certificate should be liable for all debts of the corporation contracted while he was director. Huntington recovered against Attrill a judgment for his debt, and the latter concealed and conveyed his assets to members of his family. A bill in equity was filed in the Maryland court for discovery and to enforce the New York judgment. The Maryland court dismissed the bill, on the ground that the claim against Attrill was a penalty and, as such, unenforceable. This decree of the Maryland court was reversed by the Supreme Court of the United States, because a judgment of the New York court, construing the act, was directly attacked in the Maryland court; holding that the Maryland court was bound by the "full faith and credit" clause of the Federal Constitution, and was in error in refusing to enforce the judgment. Whether the New York statute involved a penalty, or merely imposed a contractual liability, was entirely immaterial to the case so far as its ultimate decision was concerned, since what was being enforced was a judgment.

In the present case, we are asked to enforce a claim under this harsh act, against citizens of our own State, solely on the ground that in the case cited, Credit Men's Adjustment Co. v. Vickery, 62 Colorado 214, the Supreme Court of Colorado has determined the act not to be penal.  While it might be that, under precisely similar facts, we would follow the rulings of another state construing such an enactment, such is not the situation here for the reason that the citadel of resistance to the act, as being penal, was abandoned in the case cited, by its being conceded the directors were liable, and actions were brought by original creditors against them.  The Colorado court in that case was considering an assignment of admittedly valid claims to some of its own citizens; the facts in the instant case are not similar, and, as heretofore pointed out, the reasoning by which the Colorado court arrived at its conclusion, as to the act not being penal, is not satisfying to us, nor do we think it in accord with the weight of authority.  In our view, the correct rule of construction of statutes, such as the one in question, is that stated in Fletcher on Corporations, vol. 6, p. 7228: "If a statute commands or prohibits some act, and imposes individual liability upon stockholders for violation of the command or prohibition, as a punishment, the liability is penal, and not contractual, although the statute also provides a remedy in favor of creditors for enforcing the penalty.  A penal statute is one which imposes a penalty or forfeiture for transgressing its provisions, or for doing a thing prohibited, and it is none the less a penal statute because it is also remedial."  The rule is thus stated in Beale on Conflict of Laws, vol. 3, p. 519: "The statutory liability of directors in a corporation may also be either contractual or penal.  Thus, the director's liability for all debts contracted beyond the capital paid in, is an original liability entered into by the director each time such a debt is contracted; being contractual, it may be enforced in any state; but liability imposed upon a director for

debts already contracted, because of his failure to file proper returns, is obviously penal, since the liability bears no proportion either to the amount of harm done by his act or the creditor's loss by it. It is accordingly usually held that it cannot be enforced in another state." Cook on Corporations, 6th ed., p. 6, 6, thus sums up the rule on the question under consideration: "A different rule prevails as to the statutory liability of corporate officers for failure to file reports......Such liability is generally construed to be penal, and will not be enforced by the courts of other states."

If nonresident directors can be held liable for corporate debts extraterritorially, because of the failure of a corporate officer to discharge a ministerial duty, and if, under any and all circumstances, we are bound to follow the construction of the court of another state, that the statute,—it matters not how it may in fact penalize the innocent director,—is not penal, it is difficult to see where liability would cease; for, if it can be made to attach to directors, it can be made to attach to stockholders, and nonresident stockholders, ignorant of what officers of the corporation may have failed to do, could be penalized by great financial loss, although never within the state whose laws inflict it, by an act which, if passed in our own State, would be held by us to be penal. Certainly no such rule prevails where, as here, the facts differ and the decision we are asked to follow is irreconcilable with others, made by the court of last resort of the state in question. Under the facts before us, we are not obliged by any rule to construe this highly penal statute as not penal, and thus punish our own citizens, and we shall not do so.

The judgment is affirmed.