**PINEMONT BANK, Appellant,**

v.

**Charles L. DuCROZ et al., Appellees.**

**No. 1220.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 1975.

Rehearing Denied Oct. 29, 1975.

Robert J. Adam, Adam, Adam & Anderson, Stanley B. Binion, Reynolds, White, Allen & Cook, Houston, for appellant.

Leonard Passmore, Austin, for amicus curiae.

Jack L. Andrus, Jr., Andrus & Jay, Pasadena, for appellees.

COULSON, Justice.

This is an appeal from a summary judgment granted the plaintiffs in their claims for usury. Charles L. DuCroz, Charles A. DuCroz and Pauline DuCroz, were each granted judgment for $101,466.08 under the Texas Usury Statute. Pinemont Bank (defendant) appeals. We reverse and remand.

In September of 1970, a note was executed payable to Pinemont Bank in the amount of $180,000 bearing interest at 13¼% per annum. The note bears seven signatures, five on its face and two on the back. The signatures on the lower right side are Coastal Plains Development Corp., Charles L. DuCroz, President; and Micrea, Inc., Jack Alder, President. The signatures on the lower left side are Charles L. DuCroz; Edward Leroy Schmalz; and Jack Alder. The signatures on the back are C. A. DuCroz and Mrs. C. A. DuCroz.

The note states:

As hereinafter provided after date, I, we, and each of us, jointly and severally, promise to pay to Pinemont Bank, or order, the sum of ONE HUNDRED EIGHTY THOUSAND AND NO/100 _____ ($180,000.00) _____ Dollars, together with interest thereon from date until maturity at the rate of 13¼% per centum per annum. . . .

Plaintiffs brought suit under Tex.Rev. Civ.Stat.Ann. art. 5069, section 1.06, which provides:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error.

The maximum interest rate, with which we are here concerned, on a loan which an individual may be charged is fixed by Tex. Rev.Civ.Stat.Ann. art. 5069, section 1.02 at 10% per annum. The maximum corporate rate is set at 1½% per month by Tex.Rev. Civ.Stat.Ann. art. 1302, section 2.09 (Supp. 1970).

Here the note charges 13¼% interest. This exceeds the 10% maximum set by statute for individuals, but is well within the maximum corporate interest rate allowed by law. Under these circumstances only

the individuals signing the note in the capacity of individuals could possibly maintain a claim for usurious interest under the Texas Usury Statute. Three of the signers have prosecuted this suit.

■ Pinemont claims the note was not properly before the trial court because there was no certified or sworn copy of the note introduced and, therefore, summary judgment could not be granted. We disagree. A copy of the note was attached to the pleadings of plaintiffs and incorporated by reference in sworn affidavits on motion for summary judgment and was thereby properly before the trial court. In the absence of an exception by the opposing party, this procedure is a sufficient basis upon which a motion for summary judgment can be granted or denied. *Boswell v. Handley*, 397 S.W.2d 213 (Tex.Sup.1965); *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.Sup.1962).

■ An award of $101,466.08, being twice the usurious interest contracted for of $50,733.04, was given to each of the three plaintiffs for the total recovery of $304,-398.24 against Pinemont. The multiple recovery is claimed to be an erroneous application of Tex.Rev.Civ.Stat.Ann. art. 5069, section 1.06. We agree.

■ Article 5069, section 1.06 is a usury statute, penal in nature, and is to be strictly construed. *Home Savings Association of Dallas County v. Crow*, 514 S.W.2d 160 (Tex.Civ.App.—Dallas 1974) aff'd at 522 S.W.2d 457 (Tex.Sup.1975). The statute provides for forfeiture "to the *obligor* twice the amount of interest contracted for" (emphasis ours), Article 5069, section 1.06 *supra*. We hold that a strict construction of the statute requires a retention of its singular phraseology in that "obligors" may not be substituted for "obligor". The legislative intent was to punish lenders contracting for usurious interest by imposing a penalty of twice the usurious interest upon them for each obligation entered into. Here there could be only one contract for usurious interest, even though more than

one party could be liable thereon. The maximum forfeiture which could be awarded is twice any interest contracted for that may be usurious.

■ Pinemont argues that the note having been paid, the trial court should have entered judgment in accordance with the facts as to what actually transpired between the parties and not what could have transpired under the note's terms. We disagree. The question of usury is to be determined as of the time of the inception of the contract. *Southwestern Investment Company v. Hockley County Seed & Delinting, Inc.*, 511 S.W.2d 724 (Tex.Civ.App.—Amarillo), *writ ref'd n. r. e. per curiam*, 516 S.W.2d 136 (Tex.Sup.1974). Transactions between the parties after execution of the note do not necessarily govern the note's usurious nature.

■ Summary judgment may be entered only where as a matter of law no material question of fact exists. *Great American Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.Sup.1965).

■ Five signatures on the note are unqualified individual signatures and may leave those signing personally obligated under the law of Tex.Bus. & Comm.Code Ann. Section 3.403(b)(1) (1968) which provides:

> An authorized representative who signs his own name to an instrument (1) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity . . . . .

However, the question here goes to the nature of the personal obligations of the signers. The bank claims that they signed as guarantors of the corporate loan and would introduce parol evidence to establish their claim. Tex.Bus. & Comm.Code Ann. Section 3.415(c) (1968) provides:

> As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the

benefit of discharges dependent on his character as such. *In other cases the accommodation character may be shown by oral proof.* (emphasis ours).

Edward Leroy Schmalz, one of the signers of the note, testified that he was familiar with Pinemont's loan processes and that normally the officers of corporations securing loans are required to sign the corporate notes both as corporate officers and as individuals, however, the officers are not individually liable, but liable only on the corporation's behalf. Furthermore, he testified that as to this note it was understood that the interest rate being charged was not usurious interest because it was being charged to the corporation and not the individuals. Other summary judgment evidence indicates that this was the understanding between the parties to the note. This is sufficient evidence to present disputed fact questions as to the capacity in which plaintiffs signed. Whether the note is usurious depends on a construction of the note in accordance with the nature of the parties' obligations as represented by their signatures. The existence of these fact questions precludes a granting of a summary judgment in this case.

Reversed and remanded.