Charles E. **CAMPBELL, t/d/b/a Campbell Air Service, Plaintiff,**

v.

**MITSUBISHI AIRCRAFT INTERNATIONAL, INC., Defendant.**

Civ. A. No. 75–800.

United States District Court, W. D. Pennsylvania.

July 11, 1978.

---

Edward M. Burr, Pittsburgh, Pa., for plaintiff.

Gilbert J. Helwig, Pittsburgh, Pa., for defendant.

## OPINION

ZIEGLER, District Judge.

I. *History of Case* .

Presently before this court is defendant's Motion for Summary Judgment. Defend- ant, Mitsubishi Aircraft International, Inc. ("Mitsubishi") is a Texas corporation en- gaged in the business of assembling and selling aircraft. Its principal office and place of business is in the State of Texas. Plaintiff, Charles E. Campbell ("Campbell") was a Mitsubishi distributor from February, 1969 to December 31, 1974 and, as such, purchased aircraft from Mitsubishi which in turn were sold to others. Campbell operat- ed his business from a site in Allegheny County, Pennsylvania known as "Campbell Airport." During this period, Campbell purchased aircraft from Mitsubishi and exe- cuted a series of promissory notes for the balance of the purchase price. These notes required monthly interest payments.

Campbell filed this civil action on June 27, 1975, claiming that, in connection with certain aircraft purchases between himself and Mitsubishi, Mitsubishi had contracted for, charged or was paid interest in excess of the maximum rate permitted under Tex- as law. He seeks to recover the sum of $612,023.06 representing alleged penalties and interest, plus attorney's fees in the amount of $244,809.00, or a total of $856,- 832.06.

Plaintiff's claims rest on the assumption that the validity of the interest payments provided for in the notes is governed by the laws of Texas. In particular, Campbell re- lies upon the Texas usury act which pro- vides:

> "Except as otherwise fixed by law, the maximum rate of interest shall be ten per cent per annum. A greater rate of inter- est than ten per cent per annum unless . otherwise authorized by law shall be deemed usurious. All contracts for usury are contrary to public policy and shall be subject to the appropriate penalties pre- scribed in Article 1.06 of this subtitle." Texas Rev.Civ.Stat., Art. 5069–1.02.[1]

The instant notes involved obligations to pay interest at rates either expressly or

---

1. Art. 5069–1.06 of the statute reads: "(1) Any person who contracts for, charges or receives interest which is greater than the amount au- thorized by this subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attor- ney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error."

computed to be higher than 10 per cent per annum and thus plaintiff alleges they were usurious under Texas law.

The interest rates are *not* in excess of those permitted under Pennsylvania law, since each of the notes exceeded the sum of ·$50,000. *See* 41 P.S. § 3.

■ Mitsubishi moves for summary judgment on two distinct grounds. First, defendant contends that the interest payments were lawful because Pennsylvania law governs the validity of the interest rates assessed in the transactions. Secondly, defendant asserts that, even if Texas law governs the transactions, plaintiff's claims cannot be enforced in a diversity action brought in a federal district court sitting in Pennsylvania because the Texas statute is penal in nature and cannot be accorded extraterritorial effect. We hold that this court cannot enforce the Texas usury statute on which Campbell's cause of action is based. Since we do not reach the question of what law governs the validity of the interest rates allegedly charged herein, we will dismiss plaintiff's Complaint without prejudice.[2]

## II. *Enforceability of Texas Statute*

■ Under accepted principles in diversity cases of this type, a federal court must follow the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1940). The long standing rule in Pennsylvania provides that Pennsylvania courts will not enforce the penal statute of another jurisdiction and, in determining whether or not a statute of a foreign jurisdiction is penal, Pennsylvania must follow the interpretation of the statute by the courts of the foreign jurisdiction.

*Commercial Nat'l Bank v. Kirk*, 222 Pa. 567, 71 A. 1085 (1909); *accord, Nesbit v. Clark*, 272 Pa. 161, 165, 116 A. 404, 406 (1922); *Popkin v. Eastern Air Lines, Inc.*, 204 F.Supp. 426, 434, n. 17 (E.D.Pa.1962). As a result, a Pennsylvania court, including a federal district court sitting in Pennsylvania, cannot undertake an independent assessment as to whether the Texas usury statute is penal, unless the Texas courts have failed to resolve the issue. *Commonwealth Nat'l Bank v. Kirk, supra* at 570, 71 A. 1085.

■ The Texas courts have consistently held that the Texas usury law in question is a penal statute. In *Guetersloh v. C.I.T. Corp.*, 451 S.W.2d 759, 761 (Tex.Civ.App. 1970) the court stated:

> "The usury statute is *penal* in nature. Its purpose is to *penalize* those who intentionally charge an interest in excess of that allowed by law." (emphasis added).

*See also, Pinemont Bank v. DuCroz*, 528 S.W.2d 877, 879 (Tex.Civ.App.1975) ("The Legislative intent was to punish lenders contracting for usurious interest."); and *Stacks v. East Dallas Clinic*, 409 S.W.2d 842, 844 (Tex.Sup.Ct.1966) (". . . a cause of action to recover double the amount of interest paid is derived from a statute creating a penalty. It is not a suit in tort.")

Plaintiff replies that, under the definition adopted by the *Restatement of Conflicts*, 2d, § 89, a statute which affords a private remedy to a person injured by the wrongful act is not a penal statute. *See, Huntington v. Attrill*, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892). In light of the rule of *Commonwealth Nat'l Bank v. Kirk, supra*, it is unnecessary to decide whether or not we would attach a "penal statute" label to

---

**2.** Mitsubishi has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Since the court is deciding only that it has no subject matter jurisdiction over a claim based on a Texas usury statute, entry of summary judgment would be inappropriate. *See Martorano v. Hertz Corporation*, 415 F.Supp. 295, 296 (E.D.Pa.1976). As noted in 10 Wright & Miller, Federal Practice & Procedure, Civil § 2713 at 404–405:

> "The rationale of this conclusion, . . . is sound. If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action. In addition, a dismissal for want of jurisdiction has no res judicata effect and the same action subsequently may be brought in a court of competent jurisdiction. A summary judgment, on the other hand, is on the merits and purports to have a res judicata effect on any later action." (footnotes omitted)

the Texas usury law based on general principles of law. This court is bound by the interpretation given to the statute by the Texas courts and we are not privileged to make an independent assessment of our own. Moreover, we have searched in vain for any indication that the Pennsylvania courts have deviated from the choice of law rule articulated in *Kirk*. Plaintiff has cited none. Under the circumstances, our duty is plain. We are bound by the unequivocal pronouncement of the Supreme Court of Pennsylvania.

A brief comment is required concerning Mitsubishi's remaining contention, namely, Pennsylvania law governs the validity of the interest rates charged herein, and summary judgment is required. This court does not reach the issue, inasmuch as we have determined that subject matter jurisdiction is absent to enforce the Texas usury law. If and when plaintiff desires to pursue his claim in the Texas courts, the Texas court, applying its choice of law principles, will have occasion to determine whether Pennsylvania or Texas law governs.

Our decision, today, engenders no injustice, and it is not inconsistent with the order of the Honorable Maurice B. Cohill, Jr. dated August 6, 1976. Mitsubishi raised the defense, which is dispositive of the case in this court, in its Answer dated September 17, 1975. Plaintiff could have instituted a civil action in a court of competent jurisdiction at any time.

On August 6, 1976, Judge Cohill denied Campbell's Motion for Transfer, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Texas. Our review of the pleadings, and the opinion of the court, indicates that the question of jurisdictional impediment was not the rational for the decision. Judge Cohill was confronted with issues concerning (1) which district court was the convenient forum to try this case, and (2) the tardiness of plaintiff's motion. Convenience of the parties should not be confused with the competency of this court to adjudicate the action. If we assume, as alleged by plaintiff, that Campbell's only basis for recovery is predicated upon a Texas statute which is unenforceable in Pennsylvania, the Complaint must be dismissed for want of jurisdiction.

We hold that, since the Texas usury statute has been defined by the courts of that state as a "penal statute" and is, therefore, unenforceable in Pennsylvania, plaintiff's Complaint must be dismissed without prejudice.

An appropriate order will follow.