William J. STRAUGHAN, Appellant,

v.

HOUSTON CITIZENS BANK & TRUST COMPANY, Appellee.

No. 17325.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 12, 1979.

Lawrence T. Newman, Houston, for appellant.

Holland, Abernathy, Tindall, Aycock, Charles L. Black Aycock, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

PEDEN, Justice.

William J. Straughan, defendant below, appeals from the granting of motions for summary judgment and for severance filed by Houston Citizens Bank & Trust Company in a suit on a promissory note. Straughan had filed a cross-action alleging that the bank had withdrawn funds from his account without authorization and praying for an accounting. He says the trial court erred in granting summary judgment because the original promissory note was not introduced into evidence and because there were genuine issues of fact as to whether he was entitled to any credits. He also complains about the severance of his cross-action. We affirm.

In March of 1976, the bank alleged Straughan executed and delivered to it a $20,000 promissory note due in 35 days; he defaulted on the note and the bank declared the unpaid balance due.

Straughan filed a general denial in response to the bank's petition, and the bank filed a motion for summary judgment supported by affidavit and incorporating by reference its original petition. Straughan filed an amended answer denying the bank's allegations and alleging that the bank had wrongfully withdrawn money from his account without crediting him with it. In his affidavit, he admitted signing the note and asserted that after depositing the $20,000 consideration for it into his account, the bank withdrew a substantial portion of the $20,000 and transferred it without his authorization to other accounts on which he was a signatory. He said he didn't know how much of the $20,000 the bank had withdrawn without his authorization or how much remained in the account he had designated to receive the $20,000.

Mr. Straughan filed a supplemental affidavit stating that the accounting in the bank's original petition and the affidavit in support of its motion for summary judgment failed to give him credit for a $3,000 payment he had made on the note. His third affidavit was allegedly based on personal knowledge, and it repeated his assertions of improper withdrawal of $3,000 plus an unknown amount of the $20,000 and failure to credit.

Mr. Straughan filed a cross-action alleging improper withdrawal of funds by the bank and praying for an accounting. The bank filed a general denial of the cross-action and moved to sever it.

The trial court granted the bank's motions for severance and for summary judgment after the bank had acknowledged Straughan's $3,000 payment and the court had allowed him a $3,000 credit. The bank's judgment was for $17,000 plus $4,298.87 in interest and an attorney fee of $2,097.54, a total of $23,396.41, plus 10% interest on this sum and costs.

In one of his points of error, Mr. Straughan maintains that the bank failed to attach the original note to its pleading, so the court erred in granting summary judgment. The bank's motion for summary judgment was supported by an affidavit that incorporated by reference an attached and uncertified copy of the note and stated that the bank was owner and holder of the note.

In a summary judgment proceeding, the movant can discharge its burden "without producing and introducing the original note . . . by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with the affidavit. Without such proof, an unsworn pleading will not support a summary judgment." *Alexander v. Houston Oil Field Material Co.,* 386 S.W.2d 540, 543 (Tex.Civ.App.1965, writ ref. n. r. e.) citing *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (1961). A copy of the note was attached to the pleadings and incorporated by reference in a sworn affidavit on the motion for summary judgment, so it was before the trial court, even though the movant did not swear that the copy was a true and correct one. The non-movant was free to take exception to this procedure, but in the absence of an exception, the evidence was properly placed before the trial court. *Pinemont Bank v. DuCroz,* 528 S.W.2d 877 (Tex.Civ.App.1975, writ ref. n. r. e.). The deficiency that Mr. Straughan now urges is purely formal, and we may assume that it would have been rectified upon proper exception to the trial court. Consequently, this objection may not be raised for the first time on appeal. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex. 1962). Further, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Rule 166–A, Texas Rules of Civil Procedure.

Mr. Straughan's first point of error is that the trial court erroneously granted the bank's motion for summary judgment, because genuine issues of material fact were present. In determining whether the

trial court erred in granting summary judgment, we view the summary judgment evidence in the light most favorable to the party opposing the motion. "It is not the purpose of the summary judgment rule to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962).

Mr. Straughan maintains that his affidavit raised genuine issues of material fact. It stated in pertinent part:

I admit signing the promissory note upon which Plaintiff's suit is based. However, after depositing the $20,000.00 principal of said note into an account at said bank designated by me, the bank withdrew a substantial portion of said amount by transfering same to the account of another corporation maintained at said bank; said transfer being without my knowledge or consent. The bank transferred funds back and forth between the account designated by me and the account of the other corporation and I do not know the actual amount that the banks transferred out of said $20,000.00

The bank's motion and affidavit state the amount was due at the time that said note was turned over to their attorneys, but does not state the amount of any payments made since they turned the account over to their attorney and does not give me credit for any payments made since then. I have paid $3,000.00 to them since this suit was filed and have not been given credit for same. Failure to give me credit would result in double recovery for Plaintiff.

To create a fact issue, affidavits opposing the motion must set forth facts that would be admissible in evidence. Mere conclusions of an affiant do not have probative value. *Hidalgo v. Surety Savings & Loan Association,* 487 S.W.2d 702 (Tex.1972).

The plea of wrongful withdrawal of part of the $20,000 deposit without more is simply conclusionary. Mr. Straughan should have gone further and shown the amount in controversy. If this proceeding had been a trial on the merits and the only evidence offered by Mr. Straughan on this affirmative defense was that an undisclosed amount of money was withdrawn from his account, the court would have been required to instruct a verdict against him. See *Smith v. Crockett Production Credit Association,* 372 S.W.2d 956 (Tex.Civ.App. 1963, writ ref. n. r. e.); *Harrison v. Leasing Associates, Inc.,* 454 S.W.2d 808 (Tex.Civ. App.1970, no writ).

The second contention in Mr. Straughan's affidavit, that Bank failed to credit his account with a $3,000 payment, would have raised a fact issue, but the bank's attorney admitted receipt of the $3,000 payment, and the trial court reduced the bank's judgment by that amount. We hold that the granting of summary judgment was proper; the accusation of wrongful withdrawal was merely conclusionary, and the appellant was given credit for the $3,000 payment, so it was not in issue. No genuine issue of material fact remained.

Mr. Straughan maintains in his other point that the trial court erred in severing his cross-action. In that cross-action he against alleged that the bank withdrew a substantial portion of the $20,000 and transferred this undisclosed sum to the account of another corporation with which he was associated. He prayed for an accounting of these funds and requested that the amount of them be credited against the judgment. Only this cross-action was severed; Mr. Straughan's plea in avoidance of payment in the amount of $3,000 was not severed as Mr. Straughan alleges, but that amount was credited against the judgment.

Rule 97 of the Texas Rules of Civil Procedure provides in part:

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occur-

rence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

.    .    .    .    .

Rule 41, T.R.C.P., provides "[a]ny claim against a party may be severed and proceeded with separately." This rule grants the trial court broad discretion in the matter of consolidation and severances of causes. *McGuire v. Commercial Union Insurance Co. of New York,* 431 S.W.2d 347 (Tex.1968); *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588 (1955). We can sustain this point of error only if the trial court abused its discretion in granting the bank's motion for severance.

 For severance to be proper, the following elements are necessary: (1) the controversy must involve more than one cause of action, (2) the severed cause must be one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed causes must not be so intertwined as to involve the same identical facts and issues. In certain instances, there is a fourth requirement that the severed causes of action cannot relate to the same subject matter. *Hayes v. Norman,* 383 S.W.2d 477 (Tex.Civ.App.1964, writ ref. n. r. e.); Hall, "Severance and Separate Trial in Texas," 36 Tex.L.Rev. 339 (1958).

 " 'When money . . . is deposited in a bank without any special agreement, the law implies that it is to be mingled with the other funds of the bank, the relation of debtor and creditor is created between the bank and the depositor, and the deposit is general.' " *Hudnall v. Tyler Bank and Trust Co.,* 458 S.W.2d 183 (Tex.1970).

After the bank deposited the funds to Straughan's account, any subsequent transfer by the bank to another account would be a separate transaction. More than one cause of action would be involved, the severed cause would be the proper subject of a lawsuit if independently asserted, and the two causes of action are not so intertwined as to involve the same facts and issues. We hold that Straughan's counterclaim was a permissive rather than a compulsory one and that the trial court did not abuse its discretion in ordering the severance.

Affirmed.