OKC CORPORATION, Appellant,

v.

UPG INC., Appellee.

No. 05–83–00207–CV.

Court of Appeals of Texas,
Dallas.

June 7, 1984.

Rehearing Denied July 2, 1984.

Paul D. Hoover, John P. Lilly, Dallas, for appellant.

Edward Kliewer, Dallas, for appellee.

Before CARVER, GUILLOT and STEWART, JJ.

CARVER, Justice.

OKC appeals from a summary judgment that the trial court granted to UPG. OKC argues that 1) there were genuine issues of material fact presented in the summary judgment evidence; 2) the trial court abused its discretion in severing this case from related portions of the cause below; and 3) the trial court erred in denying OKC's motion to join third party defendant, Basin Refining, Inc. We reverse and re- mand on all three grounds.

The facts are not in dispute. OKC con- tracted on March 26, 1979, to purchase, when and if delivered, indeterminate quan- tities of crude oil and condensate as might be delivered, in the future, from UPG. On January 2, 1981, OKC sold its refinery, pipeline terminals, and related assets to Basin Refining, Inc. and gave UPG notice of the sale. This notice did not expressly terminate the contract as was permitted by one of its provisions. After receipt of the notice, UPG dealt exclusively with Basin

Refining, Inc.; carried the sales account in Basin's name, using Basin's, not OKC's, customer code; and sent all invoices to Basin asking for payment.

OKC first argues that the con- duct of UPG raised a fact issue of novation or cancellation. We find that there is a question of material fact that a novation occurred under the holding of *Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422 (1953). In *Chastain*, the Supreme Court listed several important evidentiary matters regarding novation including the following: 1) that all charges on the credi- tor's books went to the new debtor and none to the original debtor; and 2) that after the change in debtors, the creditor had no further contact whatsoever with the original debtor until the filing of the suit against him. 257 S.W.2d at 426. These same facts exist in the present case and cannot be disregarded when the Supreme Court found them significant in a similar case. Likewise, we find that UPG's con- duct, combined with OKC's notice that it was closing business and was selling all its facilities for purchasing and handling UPG's crude oil to Basin, raised a question of material fact regarding cancellation. UPG urges that, since OKC employed the term "assigned" in its original answer as descriptive of its transaction with the Basin companies, we should narrow our consider- ation on this appeal to whether OKC re- lieved itself of contractual liability to UPG by its "assignment." We decline to so limit the appeal because the transaction between OKC and the Basin companies is not shown by the record to be an "assignment." To the contrary, the substance of the transac- tion was the sale by OKC, and the pur- chase by Basin, of the capital stock of each of several subsidiaries of OKC. The exact nature of the transaction was set out in the letter from OKC to UPG, dated February 12, 1981, and this same letter was pled in conjunction with the word "assignment" in the same paragraph of the pleading upon which UPG relies for its argument. In the absence of an "assignment" in fact and in the absence of any reliance by UPG on the transaction being anything but a stock transfer (OKC's pleading was not filed un- til this suit arose, but OKC's letter setting

out the OKC to Basin stock transfer was in UPG's hands throughout the accrual of the the disputed account), we reject this argument in support of UPG's summary judgment.

OKC next argues that the trial judge erred in severing "Basin, Inc." from this cause and in refusing OKC's motion to join "Basin Refining, Inc." The claims of UPG rest upon a series of crude oil deliveries delivered to "Basin, Inc." and invoiced to "Basin Refining, Inc." Both severance and joinder rest on judicial efficiency as well as on the policy of providing full and adequate relief to the parties. Since UPG's claim against OKC, as well as OKC's cross-actions, rest upon transactions involving "Basin, Inc." and "Basin Refining, Inc.," judicial efficiency would have been better served had the trial court not severed "Basin, Inc." and had it permitted joinder of "Basin Refining, Inc." *Straughan v. Houston Citizens Bank & Trust*, 580 S.W.2d 29, 33 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Upon remand, the trial court must reconsider its severance and non-joinder in the light of judicial efficiency and the adequacy of relief to the parties, as well as any other considerations not now before us.

Reversed and remanded.