Joe **VEYTIA** and Camara Clifton Veytia, Appellants,

v.

Charles **SEITER,** Jr., Villi B. Seiter and Michael E. Robinson, Trustee, Appellees.

No. 04–86–00633–CV.

Court of Appeals of Texas, San Antonio.

Oct. 21, 1987.

Rehearing Denied Nov. 18, 1987.

Robert E. Etlinger, San Antonio, for appellants.

Mitchell S. Rosenheim, Sabrina Arellano, San Antonio, for appellees.

Before CANTU, REEVES and CHAPA, JJ.

CHAPA, Justice.

The suit is based on allegation of usury by appellants, Joe Veytia and Camara Clifton Veytia (Veytia) against appellees Charles Seiter, Jr., Villi B. Seiter, and Michael E. Robinson, Trustee (Seiter) in conjunction with the purchase of a home. The allegations involve: the execution of a "modification and execution of real estate notes and liens" which included alleged usurious late charge provisions. The trial court granted summary judgment in favor of Seiter because:

> ... Public Law 96–221, Title V, § 501, March 31, 1980, 94 Stat. 151, as amended (Codified in U.S.C.A. § 1735f–7) preempts Texas Laws Limiting Mortgage Interest, Discount Points, and Finance or Other Charges as contained in Article 5069–1.04, et seq., Vernon's Annotated Texas Statutes; that the State of Texas did not opt out of such Federal preemption and therefore Defendants are entitled to Judgment as a matter of law.

The issue before us is whether the trial judge properly granted the summary judgment for the reasons therein stated. If not, by crosspoint, whether the summary judgment is nevertheless proper as a matter of law. We reverse and remand.

Initially Veytia contends the trial court erred in granting the summary judgment on the grounds that TEX.REV.CIV.STAT. ANN. art. 5069–1.06, the state usury statute, was preempted by the federal statute. We agree.

■ Where the intent of an act is obscure, the courts may consider the legislative history in determining the intent. *Hunter v. Fort Worth Capital Corporation*, 620 S.W.2d 547 (Tex.1981); *Harris v. City of Fort Worth*, 142 Tex. 600, 180 S.W.2d 131 (1944). Absent statutory language to the contrary, late charges are interest within the meaning of the usury statutes. *Gonzales County Savings & Loan Association v. Freeman*, 534 S.W.2d 903 (Tex.1976); *Dixon v. Brooks*, 604 S.W.2d 330 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

■ The parties agree that the Pub.L. No. 96–221, Title V, 94 Stat. 161 (codified at 12 U.S.C.A. § 1735f–7) preemption period became effective April 1, 1980, and became permanent unless a state opted out prior to April 1, 1983. The disagreement of the parties arises in determining whether Texas opted out of the federal act by the enactment of the Texas Omnibus Usury Bill (H.B. 1228, effective May 8, 1981). They further disagree as to whether the federal act intended to include late charges. Although reasonable arguments are made by both parties as to whether Texas opted out of the federal act with its omnibus usury bill, it is clear that the federal statute was not intended to include late charges, the subject of this suit.

The legislative history of Pub.L. 96–221, S.Rep. 96–368, p. 19, U.S.Code Cong. & Admin.News 1980, pp. 236, 255 states clearly:

In exempting mortgage loans from state usury limitations, the committee intends to exempt only those limitations that are included in the annual percentage rate. The committee does not intend to exempt limitations on prepayment charges, attorney fees, *late charges* or similar limitations designed to protect borrowers. (Emphasis added).

Considering the clear, unambiguous stated intent in the foregoing legislative history, we hold that the federal statute did not preempt usurious late charges. The summary judgment was improper on the grounds therein stated.

Seiter next contends that this court should nevertheless consider whether the summary judgment was proper on other grounds, in spite of the fact that the ground upon which the trial judge sustained the summary judgment was erroneous. We agree.

"If the case be one wherein summary judgment is warranted the court is not limited to the grounds stated in the motion, but may grant the judgment upon some different basis." *In Re Price's Estate*, 375 S.W.2d 900, 903 (Tex.1964). "It is well settled however, that an appellate court will sustain the judgment if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment." *Maher v. Gonzalez*, 380 S.W.2d 764, 765 (Tex.Civ.App.—San Antonio 1964, no writ); *see also, Trigg v. Blakemore*, 387 S.W.2d 465 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.). We will consider Seiter's crosspoint.

Seiter, by counterpoint, contends the contract is not usurious as a matter of law, and as a necessary consequence, there is no issue of fact.

Seiter has the burden of proving that there exists no material fact issue and that he is entitled to a judgment as a matter of law. *Talamas v. Bressi International*, 727 S.W.2d 72 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). The standard of review in a summary judgment appeal requires the reviewing court to disregard all conflicts within the evidence and accept as true the proof which tends to support the position of the party opposing the motion. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972).

■ The record reveals a controverting affidavit from Joe Frank Veytia which states:

Subsequent to the real estate transaction made the basis of this suit, and supported by the documents attached to Plaintiff's First Amended Original Petition, Defendants, Charles Seiter, Jr. and Villi B. Seiter, made demand upon me to pay late charges at the rate of $20.00 per day per each day any installment was not paid.

... said late charges contracted for, charged or received by defendant to myself and my wife, Camara Clifton Veytia, amounted to an interest rate in excess of 100%.

The standard of review requires that we accept these statements of the non-movant as true. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176. Thus, a fact issue was raised as to whether the movants demanded (or charged) usurious interest in the form of late charges in violation of TEX.REV.CIV.STAT.ANN. art. 5069–1.06.

We disagree with Seiter that the statements in Veytia's affidavit were mere conclusions and of no probative value. Seiter's reliance in *Straughan v. Houston Citizens Bank & Trust Company*, 580 S.W.2d 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) is misplaced. In *Straughan*, the affidavit involved alleged a wrongful withdrawal of an unspecified and unknown amount which the court found to be conclusionary. Further, the court in *Straughan* based their opinion on *Hidalgo v. Surety Savings & Loan Association*, 487 S.W.2d 702 (Tex.1972). In *Hidalgo*, the Supreme Court held "that conclusions are not competent evidence to support a summary judgment," and did not deal with controverting affidavits. Considering the law places the burden squarely upon the movant in summary judgments, this holding is easier to apply against the movant than against the non-movant. Nevertheless, we hold Veytia's statements are not conclusionary.

The affidavit before us alleges Seiter "subsequent to the real estate transaction ... made demand upon" Veytia "to pay late charges at the rate of $20.00 per day for each day any installment was not paid ... said late charges ... amounted to an interest rate in excess of 100%." We cannot agree that these statements amounted to a mere conclusion. The judgment is reversed and cause is remanded.